GEORGE A. BAILEY, executor & trustee, *vs.* MINNIE E. CROSBY & others.

Middlesex. March 19, 1917. — May 21, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Executor and Administrator,* Compensation. *Trust,* Compensation of trustee.

An executor named in a will which provides a method for fixing the compensation of the executor, if he accepts an appointment as such executor, has no right to claim a compensation which is fixed in any other manner than that provided by the will.

In the present case a person named in a will as executor and as trustee was appointed both executor and trustee, the will providing that his compensation as executor and trustee should be such as a majority of the heirs of the testator should award him for his "services in the care of [the testator's] estate," and a majority of the heirs of the testator in a fair and reasonable exercise of the power given them by the will fixed the amount of his compensation at a certain sum. The executor and trustee contended that under R. L. c. 150, § 14, he was entitled to a reasonable compensation which was more than the amount awarded by a majority of the heirs of the testator. *Held,* that this contention was not open to him, as his only right to compensation was on the terms prescribed by the will.

Under R. L. c. 150, § 14, by which it is provided that "An executor . . . or trustee . . . shall have such compensation for his services as the court in which his accounts are settled may allow," the right to compensation is not an absolute one and the statute was not intended to restrain testators from fixing the compensation of the executors of or trustees under their wills.

In the case stated above it was found that the discretion reposed by the testator in his heirs was not exercised unreasonably or unfairly, and it was *said* that there was no occasion to consider the effect, if any, which bad faith on the part of the majority of the heirs would have had upon the right of the executor and trustee to have the amount of his compensation determined by the Probate Court.

APPEAL of George Arthur Bailey, executor and trustee under the will of his late father, George T. Bailey, from the decrees of the Probate Court for the county of Middlesex dated June 14, 1916, allowing the first executor's account, the trustee's substituted first account and the trustee's second account, each with certain modifications.

The appeal was heard by *Crosby,* J., who made a final decree severally affirming each of the above named decrees of the Probate Court dated June 14, 1916, and remanding the case to the

Probate Court for further proceedings.   The executor and trustee
appealed.

R. L. c. 150, § 14, is as follows: "An executor, administra-
tor, guardian or trustee shall be allowed his reasonable expenses
incurred in the execution of his trust, and shall have such com-
pensation for his services as the court in which his accounts are
settled may allow."

The case was submitted on briefs.

*J. F. Neal*, for the appellant.

*M. Coggan, M. S. Coggan & L. C. Coggan*, for the appellees.

PIERCE, J.   George T. Bailey, late of Malden, by his will named
his wife Luella E. Bailey, executrix and trustee, and in the event
of her death or declination to serve, named his oldest son, George
A. Bailey, as her successor.   Mrs. Bailey proved the will and
served as executrix for a little over a year, when she died.   She
never qualified as trustee but acted as such.   George A. Bailey
was then appointed executor and trustee.

The case comes before this court, on the appeal of the executor
and trustee from a decree of a justice of this court affirming several
decrees of the Probate Court allowing the first account of the
executor with certain modifications, and allowing the first and
second accounts of the trustee with certain modifications.   It is
"stipulated . . . that the only points that either appellant or
appellee desires to raise upon the appeal are those in connection
with the question of the compensation of said executor and
trustee."

The material part of the will bearing on the question is "Item
12.   I appoint my wife Luella E. Bailey, to serve as executrix
and trustee, without giving bonds — under this will, and at her
death, my son G. Arthur Bailey to be her successor, also to serve
without bonds, and that their compensation shall be such as a
majority of my heirs shall award them for their services in the
care of my estate."   A majority of the heirs assented to the second
account of the executrix, which account contained an item of $500
for her services and one of $200 for services of an assistant.   On
a contest by the present accountant and another heir the Probate
Court allowed these items.   (The same majority of the heirs allowed
this accountant $200 for similar services.   The auditor finds these
services were reasonably worth $700.   The auditor also found that

the discretion reposed by the testator in his heirs was not unreasonably or unfairly exercised by them in fixing the amount of the compensation of the appellant and that the amount awarded is not inadequate. These findings of fact were not controlled by any evidence and were adopted and therefore found by the single justice.

It is the contention of the accountant that he is entitled to receive a reasonable compensation under R. L. c. 150, § 14, "regardless of what the provisions of the will may be or what the heirs may say or do;" and that in any event he is entitled to receive a sum equal to the award made to his predecessor. It is common knowledge that testators frequently provide in their wills a mode or amount of compensation to executors for settling their estates. An executor who accepts the trust under a will containing such a provision is estopped from claiming any compensation other than that which he is entitled to under the provisions of the will. *Rote* v. *Warner,* 9 Ohio Cir. Dec. 536, 539. *Matter of Kernochan,* 104 N. Y. 618. *Meacham* v. *Sternes,* 9 Paige, 398, 403. The executor was not bound to accept the trust, but, having done so, he is entitled to receive only the compensation named in the will, whether that sum be more or less than a reasonable sum. *Manning* v. *American Board of Commissioners for Foreign Missions,* 8 Met. 566. *Fernald* v. *Gooch,* 202 Mass. 408, 412. *Harper's Appeal,* 111 Penn. St. 243, 245, 251.

Under the statute compensation is not an absolute right but is one within the discretion of the court to a large extent, and it may be wholly disallowed. *White* v. *Ditson,* 140 Mass. 351, 362. We are of opinion the statute was not intended to restrain testators from fixing compensation to the exclusion of any statutory allowance.

The finding, that the discretion reposed by the testator in his heirs was not unreasonably or unfairly exercised, disposes of any question of doubt as to the good faith of the majority of the heirs, and we therefore find no occasion to discuss the effect, if any, of bad faith upon the right of the executor and trustee to have the compensation determined by the Probate Court.

The decree of the Probate Court is affirmed.

*So ordered.*