JOHN K. HOWARD & others, executors, & another *vs.* EDGAR N. HUNT.

Middlesex.    January 17, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Trust,* Compensation of trustee.

One of three trustees appointed under a will insisted that he was to manage the trust and claimed three fifths of the trustees' compensation as managing trustee. The second trustee, who was competent and willing to perform his full share of the trustees' duties, thereafter for seven years performed practically no service for the trust. At the hearing in a probate court of petitions for the allowance of accounts by the first and third trustees for those years, which contained an allowance of three fifths of the entire compensation to the first trustee and one fifth to each of the others, the judge found that the entire compensation was reasonable, ruled that the second trustee and the third trustee each was entitled to one third of the compensation and ordered the entry of a decree directing the first trustee to pay certain sums to them accordingly. Upon appeal, it was *held*, that

(1) Although the first trustee could not arbitrarily prevent the second trustee from performing his part of the work and decide the compensation to be paid to each trustee, the second trustee, having failed to seek his remedy promptly in the Probate Court and having done practically none of the work for the period in question, was not as a matter of law entitled to one third of the compensation;

(2) Each trustee was entitled only to reasonable compensation according to services actually rendered, to be determined by the Probate Court;

(3) The decree was reversed, and the case remanded to the Probate Court for a determination of what was a reasonable compensation to be allowed each of the trustees according to his services, excess allowances, if any, to be ordered returned to the trust estate.

PETITIONS, filed in the Probate Court for the county of Middlesex for the allowance of certain accounts of two of the three trustees under the will of Frank E. Simpson, late of Framingham.

The petitions were heard by *Campbell*, J., a stenographer having been appointed under G. L. c. 215, § 18. The judge found that Hunt was ready, able and willing to perform services in connection with the several trusts, but that he was prevented from so doing by Gaston. Other material facts found by the judge and a decree entered by his order are described in the opinion. The petitioners appealed.

*T. Hunt*, (*W. T. Snow* with him,) for the petitioners.

*F. L. Norton*, (*Arthur P. French* with him,) for the respondent.

CARROLL, J. These are appeals by the executors of the will of William A. Gaston and by Frederic E. Snow from decrees of the Probate Court disallowing certain items of the accounts filed by Gaston and Snow, trustees under the will of Frank E. Simpson, and ordering that the sums designated be paid from the estate of Gaston to Snow and to Edgar N. Hunt.

Frank E. Simpson by his will named Gaston, Hunt, and one other person, for whom Snow was substituted, as trustees of the trusts described. Hunt for several years had been the confidential secretary of Simpson and was familiar with his investments. In 1918, according to the findings of the judge, Gaston informed Hunt that as managing trustee he was entitled to three fifths of the entire compensation to be

allowed the trustees and that Snow and Hunt should each receive one fifth. Hunt objected to this, contending that he was able, ready and willing to perform at least one third of the trustees' duties. From this time Hunt performed very little service for the trust. He made no investment, paid no income "and, in fact, did nothing except go to Gaston's office where the trusts were managed to examine the accounts of Gaston and Snow." The accounts here in issue end on December 31, 1925. Gaston's executors contend they should receive three fifths of the entire charge for the services of the trustees. It is not disputed that the total charge is reasonable. It was found that Hunt was fully capable of managing the trusts. The judge ruled he was entitled to one third of the entire compensation to be paid the trustees.

Hunt was named by the testator Simpson as one of his trustees. His responsibilities were equal with those of his fellow trustees. Gaston could not arbitrarily prevent Hunt from doing his part of the work or sharing in the responsibility. As Hunt was competent, he could not be deprived of his interest in the direction of the trusts by a fellow trustee. The total compensation to be allowed the trustees, and the amount each trustee was to be paid, were questions for the Probate Court to decide. Gaston could not act as managing trustee and determine the compensation he was to receive and the share to be paid to each of his fellow trustees.

In 1918, when Gaston insisted that he was to manage the trusts and decided the question of compensation, Hunt should have then sought his remedy in the Probate Court. He could have asked for relief; that the provisions of Simpson's will should be carried out and he be permitted to perform the duties imposed on him by the will and to share in the performance of the duties arising out of the trust. He did not do this. He cannot now receive one third of the entire compensation, when he did very little or none of the work from 1918 to December, 1925.

Each trustee is entitled to such reasonable compensation as the court may order, but a trustee is to be awarded compensation only for services performed by him. By G. L. c. 206, § 16, executors and trustees shall have such payment

for services rendered as the court may allow. A trustee should receive reasonable compensation for his services taking into account all the circumstances of the case. *Urann v. Coates,* 117 Mass. 41, 44. But the basis for a charge in cases of this kind is that of services actually rendered in addition to the nominal service and responsibility of the trust. *Blake* v. *Pegram,* 101 Mass. 592, 600. *O'Riorden, petitioner,* 244 Mass. 472, 476. Probate Rule 9. Applying this rule in the accounting of Gaston, he should be allowed reasonable compensation for the services performed by him. If he has charged too much and asked for more than he is fairly and justly entitled to, his executors should be ordered to pay to the trust estate such excess. The trust estate was before the court and the court had jurisdiction to direct that payments be made to the trust estate of all excess amounts, if any, paid to Gaston. We do not intimate that Gaston's estate should be ordered to pay to Hunt any sum of money as provided in the decree, but Gaston's executors should account to the trust estate for all sums due that estate.

Hunt and Snow should be allowed such payments as are reasonable for the services performed by them. They were not entitled to two thirds of the total amount merely because they have been appointed joint trustees. Their shares depended on the value and extent of the services they performed. It should be determined what is reasonable compensation; this is a question for the judge of probate to decide, allowing each of the trustees, Gaston, Snow and Hunt, just and reasonable payment measured by the services performed. If any one has received too much the judge should order such excess returned to the trust estate.

The judge should also decide whether the amount entered in the accounts as paid to Hunt is fair compensation for the services he performed. If he finds the amount fair he should allow the item; if he finds it too small or too large he should order the accounts to be changed accordingly. None of the trustees is to be paid merely because he has been appointed to administer the trust; he is to be paid on the ground that he has rendered service in addition to the nominal service and responsibility of trustee.

It follows that the decrees are reversed and the cases recommitted to the Probate Court for an accounting not inconsistent with this opinion.

*Ordered accordingly.*