BANKERS TRUST COMPANY & others, executors, & others *vs.*
STEVENS DOCKHAM & another.

Suffolk.    January 5, 1932. — May 19, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Contract,* What constitutes, Parties, Reformation.  *Equity Pleading and Practice,* Findings by judge, Appeal.

Where, upon an appeal from a final decree in a suit in equity, it appears
that the suit was heard by a judge and the evidence was taken under
G. L. c. 214, § 24; Equity Rule 29 (1926), and the material facts
appear from uncontradicted or documentary evidence and inferences
to be drawn therefrom, the findings of the trial judge may be disre-
garded; but where those facts must be ascertained from conflicting
oral testimony, the findings of the trial judge, who has seen and
heard the witnesses and thus has been in position to judge of the
credit to be given to contradictory evidence, will be given great
weight and will not be set aside unless plainly wrong.   Per WAIT, J.

In a suit in equity against one, who was president, general manager and
principal stockholder of a corporation, to restrain competition with
the plaintiff in the publication of a certain book, right to publish
which had been sold and conveyed to the plaintiff by the defendant's
corporation by an instrument, executed in the name of the corpora-
tion "by" the defendant as its president and another as its treasurer,
which contained a paragraph binding the seller not to "become in-
terested in the publishing of any . . . [such book], which shall com-
pete for a period of ten years with the present publications of" the
buyer and concluding, "and . . . [the defendant, and two other in-
dividuals], being the principal stockholders in the Seller's corpora-
tion, do agree to this same condition for themselves personally," it
appeared that the instrument was not signed by the defendant indi-
vidually, and that in the bill the plaintiff also asked that the instrument
be reformed to include a signature by the defendant as an individual;
but the trial judge, on evidence, partly oral, warranting the finding,
found that no oral contract not so to compete "was in fact made" by
the defendant, as an individual.   The bill was dismissed.   On appeal
by the plaintiff, it was *held,* that
   (1) The instrument as executed did not bind the defendant as an
individual;
   (2) The findings by the trial judge, not being clearly wrong, must
stand;
   (3) The decree was affirmed, proof being lacking to sustain a de-
cree for reformation of the written contract or for restraint of compe-
tition or for damages based upon an oral or a written contract bind-
ing upon the defendant.

BILL IN EQUITY, filed in the Superior Court on February 21, 1931, and afterwards amended, seeking to restrain the defendants as individuals, as described in the opinion, and also to reform an instrument in writing, therein described, by adding the signature of the defendant Stevens Dockham as an individual.

In the Superior Court, the suit was heard by *Donnelly*, J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). Material facts and evidence are described in the opinion. By order of the trial judge, a final decree was entered dismissing the bill. The plaintiffs appealed.

*S. D. Elmore*, (*G. B. Silton* with him,) for the plaintiffs.

*P. H. Kelley*, for the defendants.

WAIT, J. This is an appeal from a decree of the Superior Court. The evidence given at the hearing before the trial judge of that court and taken by a stenographer appointed pursuant to Equity Rule 29 (1926) is before us as well as the findings of fact made by the judge. Such a record requires this court to consider the evidence reported and to form our independent judgment with regard to the truth of the findings upon which the decree is predicated. Where the material facts appear from uncontradicted or documentary evidence and the inferences to be drawn therefrom, the findings of the trial judge may be disregarded; but where those facts must be ascertained from conflicting oral testimony, the findings of the trial judge, who has seen and heard the witnesses and has been in position to judge thereby of the credit to be given to contradictory evidence, will be given great weight and will not be set aside unless plainly wrong. *Old Corner Book Store* v. *Upham*, 194 Mass. 101, 106. *Berman* v. *Coakley*, 257 Mass. 159, 162. *Draper* v. *Draper*, 267 Mass. 528, 531. *Dwyer* v. *Dwyer*, 275 Mass. 490, 493. *Brooks* v. *Bennett*, 277 Mass. 8, 14.

The essential contention of the plaintiffs is that the defendant Dockham is bound by agreement not to compete with a publication owned by them as executors and trustees under the will of Alvah Davison for a period of ten years from September 10, 1926; that he is now competing

in violation of the agreement, and that the defendant Mac-Elhinney, with knowledge of the agreement and its breach, is joining in the competition. The bill was brought to restrain them, and for the recovery of damages arising from the alleged wrong.

There is no dispute with regard to the following facts: Dockham was the president, general manager, and a principal stockholder in a Massachusetts corporation formed by him to continue a business of trade publications begun and carried on for many years by his father. The stock was held by himself, his wife, his father-in-law and a few relatives of his wife. In 1924 desiring, for himself and the corporation, to dispose of the publications, he entrusted brokers in New York with the sale. In 1926 Alvah Davison, who had carried on a similar publication business in New York under the name of Davison Publishing Company, made, in writing, an offer to the broker for one of the Dockham publications. He desired to eliminate competition with his publication, and to assist the trade by lessening the burden of supporting two books where one would answer its needs. The broker transmitted the offer to Dockham. After correspondence and oral communication of the broker with Davison and Dockham, a draft agreement was prepared by the broker and transmitted to Dockham for a sale of "Dockham's American Report And Directory of the Textile Manufacture And Dry Goods Trade" "and its assets" by the Dockham Publishing Company to Davison Publishing Company, Alvah Davison, Proprietor. The assets to be delivered were described as the trade name (as above), the good will in connection therewith, the copyright of the name, active advertising contracts, card records, all unsold copies of the 1924 edition, all advertising contracts and book orders for the directory which might be received subsequent to the date of this contract, and all other data, reports and records which were part of and necessary to the business of publishing the directory. A paragraph 5 bound the seller not to "become interested in the publishing of any directory in the textile field, which shall compete for a period of ten years with the present publications of Davison Publish-

ing Company." This paragraph concluded: "and Stevens Dockham, Lillian M. Dockham and William Martin, being the principal stockholders in the Seller's corporation, do agree to this same condition for themselves personally." Davison at this time was publishing directories which might be in competition with other directory publications of the Dockham Publishing Company; and Dockham wrote the broker that he was not prepared to execute the contract as it read. The contents of his letter were made known to Davison. An interview in New York was agreed upon for September 11, 1926. Dockham, his wife, and the defendant MacElhinney, who was stenographer and in charge of clerical work for the Dockham Publishing Company, attended this meeting with the broker, Davison and certain of his employees of the Davison Publishing Company, the draft contract was discussed, some changes were made which were initialled by Stevens Dockham and Alvah Davison, and eventually a contract under date of September 10, 1926, was signed as follows: "Dockham Publishing Company By Stevens Dockham, Pres. Lillian M. Dockham, Treas. Davison Publishing Company By Alvah Davison." It contained paragraph 5 ending with the clause in regard to the stockholders named, already quoted. The evidence was in contradiction with regard to what was said at this interview. It need not be stated in detail. The judge in his "Findings of Fact and Order for Decree" stated: The contract "was not signed by Stevens Dockham individually and therefore the written contract is not the written contract of Stevens Dockham nor is he bound by the written contract to the undertaking contained in paragraphs 5 and 6 of the written contract. I find as a matter of law that since it is apparent from the contract that Stevens Dockham signed the contract only in his capacity as president of the Dockham Publishing Company, which plainly appears from the signature on the contract, that he is not bound individually by any of the terms of the contract and that the agreement not to compete contained in paragraphs 5 and 6 of the contract are not binding on him individually." Further he stated, with regard to the allegations of

the amended bill, that an oral contract was made at the interview: "I find that Alvah Davison, being satisfied that Stevens Dockham was not in a position to compete with the Davison Publications, did not require Stevens Dockham individually to enter into a contract not to compete with the Davison publications and that no oral contract was in fact made between Stevens Dockham and Alvah Davison."

Alvah Davison died in 1928. The plaintiffs are the executors and trustees under his will who are carrying on the business he conducted in his lifetime. The Dockham Publishing Company was dissolved by the Legislature by St. 1929, c. 319. In 1929 Stevens Dockham, acting under cover and in agreement with the defendant MacElhinney, began to compete with publications of the plaintiffs in preparation and issue of a publication "National Wool Directory." This bill followed.

We need not discuss the questions raised by counsel with regard to the right of the plaintiffs to maintain the bill; the propriety of the allowance of their amendments to it; the validity of a contract not to compete such as this; the applicability of the statute of frauds; the admissibility of much of the evidence. The findings of the trial judge dispose of the case. If there was no agreement not to compete binding upon the defendant Dockham, the bill has no standing. So far as the decree rests wholly on documentary evidence, it is right, the contract as executed did not bind Stevens Dockham as an individual. So far as the material findings rest in part on oral testimony, under the rule of law stated, we cannot say that they are plainly wrong. The plaintiffs have not challenged the rulings dealing with evidence. Proof is lacking to sustain a decree for reformation of the written contract, or for restraint of competition or for damages based upon an oral or a written contract binding upon the defendants.

*Decree affirmed with costs.*