WARNER V. TAYLOR *vs.* ELIZABETH S. TREFREY & others.

Middlesex.    December 14, 1932. — April 4, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Executor and Administrator,* Fee. *Contract,* Consideration. *Assignment.*

The stock of a certain corporation was valuable, but was closely held and was not readily marketable. The president of the corporation was also executor of the will of one whose estate consisted largely of such stock and whose widow, the residuary legatee, was anxious that the stock be converted into cash. As a result of negotiations, conducted by brokers, for a sale of all the stock of the corporation to new interests, the stock of the estate was sold for a substantial sum. The executor did not have much to do with effecting the sale. In his account, he sought allowance of an additional fee for services in such sale, basing his claim upon a conversation with the residuary legatee and two unsealed writings signed by her, in which she assented to the amount of his total charge. The additional fee was disallowed by the judge of probate at the hearing on the account. *Held,* that

(1) The anxiety of the residuary legatee to convert the stock into cash did not constitute consideration for any promise by her to allow the additional fee of the executor, nor justify it;

(2) No consideration appeared for the assent or agreement of the residuary legatee that the executor should be paid the additional

fee: he owed a duty as executor to use all reasonable efforts to liqui-
date the estate;

(3) The writings did not purport to be assignments of a share in
the estate and could not be enforced as such;

(4) The executor was entitled to only a reasonable fee, the amount
of which was a question of fact for the judge of probate;

(5) No error appeared in the disallowance of the additional charge.

PETITION, filed in the Probate Court for the county of
Middlesex on February 17, 1932, for allowance of the first
and final account of the petitioner as executor of the will of
William F. Trefrey, late of Newton.

The petition was heard by *Harris*, J., a stenographer
having been appointed under statutory provisions. Material
evidence and a decree entered on the account are described
in the opinion. The petitioner appealed.

*H. Parker*, (*L. S. Thierry* with him,) for the petitioner.

*C. L. Newton*, (*B. L. Hill* with him,) for the respondents.

LUMMUS, J. Warner V. Taylor appeals from a decree of
the Probate Court disallowing an item of $20,000 "for
services in accordance with special agreement," for which
he asked credit in Schedule B of his first and final account
as executor of the will of William F. Trefrey.

When Trefrey died in June, 1929, holding seven hundred
sixty-three and fourteen fifteenths shares of stock in W. S.
Quinby Company, a corporation engaged in the coffee
business, Warner V. Taylor was president of that corporation
and one of three executors and trustees under the will of
W. S. Quinby, who had died about eight months before
owning three thousand three hundred sixty-two shares of
said stock out of five thousand eight hundred nine and one
fifteenth shares issued. The inventory of the Trefrey
estate showed $353,657.29, of which $289,792 consisted of
stock in that corporation, valued at nearly $380 a share.
The stock, however, was closely held and not readily mar-
ketable, and the respondent Elizabeth S. Trefrey, the widow
and residuary legatee of said Trefrey, was anxious to turn
her holdings into money. Shortly after the death of Trefrey,
negotiations began for the sale of all the stock of the cor-
poration to new interests. The sale was finally effected on

September 26, 1931, under a complicated contract, and produced somewhat more than $300 a share. There was ample evidence that the appellant did not have much to do with the success of the negotiations leading up to the sale, and that the burden of effort rested on brokers employed on commission. See *Blake* v. *Pegram*, 101 Mass. 592, 599, 600.

The accountant made a charge of $15,000 as his "fee as executor by special agreement," and this sum was allowed without dispute. He rests his claim to $20,000 more upon a talk in May, 1931, in which the respondent Elizabeth S. Trefrey expressed her satisfaction with a total charge of $35,000 by the accountant, and upon two unsealed writings signed by her on September 14, 1931, and September 19, 1931, in the first of which she assented to that charge and in the second of which she agreed to it. See *Newell* v. *West*, 149 Mass. 520, 521; *Bowker* v. *Pierce*, 130 Mass. 262; *Bailey* v. *Crosby*, 226 Mass. 492. But no consideration whatever is shown for any such assent or agreement. To say nothing of his duty as the salaried president of the corporation, the accountant owed a duty, as executor of the will of William F. Trefrey, for the compensation which might be allowed him by the Probate Court, to use all reasonable efforts to liquidate the estate. The anxiety of the respondent Elizabeth S. Trefrey to convert the stock into money did not justify an additional charge or furnish any consideration for her promise to allow one. See *Boston Bar Association* v. *Hale*, 197 Mass. 423, 437. The unsealed writings did not purport to be assignments of a share in the estate, and cannot be enforced as such. See *Security Bank of New York* v. *Callahan*, 220 Mass. 84, 88, 89.

What was a reasonable fee for the services of the accountant was a question of fact for the Probate Court. An examination of the express findings of fact and the evidence does not convince us that the decision of that court, disallowing the item in dispute, is plainly wrong. *Berman* v. *Coakley*, 257 Mass. 159, 162. *Bankers Trust Co.* v. *Dockham*, 279 Mass. 199, 200.

*Decree affirmed.*