GEORGE F. MOULTON, administrator *de bonis non*, vs. MACEL L. THOMPSON.

Norfolk. April 5, 1935. — June 26, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Probate Court, Appeal, Auditor. Executor and Administrator*, Inventory, Accounts.

On appeal from a decree entered on an account in a probate court, an auditor's report, though confirmed by the judge of probate, is no part of the record unless made so by agreement of the parties or by act of the judge.

On appeal from a decree of a probate court without findings of fact or a report of the evidence, the only question open is the power of that court to enter the decree on any evidence which might have been presented at the hearing therein.

Items of property appraised as of uncertain or no value in an administrator's inventory are not required by G. L. (Ter. Ed.) c. 206, § 2, to be included in any schedule of his account.

It *was stated* that a first, but not final, account of an administrator *de bonis non* was properly allowed, though it showed unequal distributions to next of kin equally entitled, and though the original administrator had not settled his accounts.

PETITION, filed in the Probate Court for the county of Norfolk on March 28, 1933, for the allowance of an account, as described in the opinion.

The decree allowing the account was entered by order of *McCoole*, J. The respondent appealed.

*S. Abrams*, for the respondent.

*R. Walsworth*, for the petitioner.

CROSBY, J. This is an appeal by the respondent, Macel L. Thompson, from a decree of the Probate Court of Norfolk County, dated November 10, 1934, allowing the first account of George F. Moulton, administrator *de bonis non* of the estate of Frank W. Mason. The appeal includes, among other matters, a copy of the inventory filed by the petitioner, a copy of the petitioner's first account, schedules A, B and C, a citation, the first and also the supplementary report of an auditor to whom the account was referred, a motion by the petitioner as administrator *de bonis non* that the report of the auditor be confirmed, and, under date of October 29, 1934, decrees confirming the auditor's original and supplemental reports. There is also the decree entered November 10, 1934, allowing the account with a slight amendment, and the claim of appeal filed by the respondent from the decree.

The evidence, if any, submitted in the Probate Court is not reported (see G. L. [Ter. Ed.] c. 215, § 12) and no report of material facts found by the judge was made by him either voluntarily or at the request of a party as provided in G. L. (Ter. Ed.) c. 215, § 11. The auditor's report which is printed with the appeal is not a part of the record on appeal. An auditor's report on the matter of the allowance of an administrator's account is not a part of the record on appeal unless made so in some proper manner. The parties did not agree that the findings of the auditor should be submitted to the court either as facts or as a part of the record. In this situation the only question open on appeal is the power of the Probate Court to enter the decree upon any evidence which might have been presented at the hearing upon the account. *Gallagher* v. *Phinney*, 284 Mass. 255, 257, 258.

Nothing in the decree was beyond the power of the court upon evidence which might have been presented at the hearing. The respondent contends that the account of the petitioner should not be allowed at this time since it appears

from the auditor's report that the account of the original administrator stands disallowed. This contention is not open to the respondent. There is nothing in the record relative to the account of the original administrator. If material, the trial judge may have found upon competent evidence that the account of the original administrator was allowed.

It is further contended by the respondent that the assets of the estate in the possession of the petitioner have not been accounted for, and that the account should be disallowed because of the failure of the petitioner to include such assets therein. The items referred to by the respondent are set forth in the inventory as of uncertain or no value. They are not mentioned in schedules A, B or C. G. L. (Ter. Ed.) c. 206, § 2, provides that the administrator's account shall "consist of three schedules, of which the first shall show the amount of personal property according to the inventory, or, instead thereof, the amount of the balance of the next prior account, as the case may be, and all income and other property received and gains from the sale of any property or otherwise; the second shall show payments, charges, losses and distributions; the third shall show the investment of the balance of such account, if any, and changes of investment." In *Murray* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 15, 20, it was stated that, so far as the court was aware, the meaning of the statute had never been before the court for decision. No more recent case has been found passing upon the interpretation of the statute. There is nothing in the statute requiring items of uncertain or no value listed in the inventory to be contained in any schedule of the account. The word "amount" would seem to have reference to the value of the personal property according to the inventory, and the words "other property" to have reference to property not listed in the inventory. In Newhall, Settlement of Estates, § 144, it is said that the proper form is merely to state in schedule A the total amount of personal property as listed in the inventory, leaving it for the inventory to show the details; and that the accountant should include in schedule

A what he has realized on items that were appraised in the inventory as of uncertain or no value. The inference is that items of uncertain or no value are properly left in the inventory. Rule 10 of the Probate Courts (1924) referred to in *Murray* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 15, requires that the items under consideration should be contained in schedule C. That rule was not carried over into the 1934 rules of the probate courts which became effective from and after the first day of November, 1934. The decree in the case at bar was dated November 10, 1934. In any event the matter is one of form, the petitioner is charged with these items in the inventory, and the failure to set them forth again in one of the schedules of the account is not sufficient to require the reversal of the decree.

It is finally contended that payments have been made by the petitioner which are improper and should be disallowed.

It is contended first that schedule B shows an unequal distribution to heirs entitled to share equally. This cannot be inferred from the record. The trial judge may have found upon competent evidence that prior unequal payments had been made. He may have allowed the unequal payments in the account of the petitioner to equalize the prior payments. It is urged that it is apparent from the record that the petitioner's conduct with reference to the estate was such as to bar him from any compensation. He was allowed $1,750. G. L. (Ter. Ed.) c. 206, § 16, expressly provides that an administrator shall have such compensation for services as the court may allow. Under the statute compensation is not an absolute right but is within the discretion of the court to a large extent, and it may be wholly disallowed. *Bailey* v. *Crosby*, 226 Mass. 492. *Taylor* v. *Trefrey*, 282 Mass. 555, 557. It cannot be said from the record in the case at bar that there has been an abuse of discretion.

The conclusion that the decree is not tainted by error of law is not changed if it is assumed that the auditor's reports were made part of the record, and, except for the inventory and the account, were the only evidence before the court. It appears from the auditor's report that the

account of the former administrator, the Fidelity Trust Company, was disallowed. It does not follow from this fact that there was error in allowing the account of the petitioner. Although an administrator *de bonis non* may not claim possession of the unadministered property in the hands of the former representative until an account is settled, there is no reason why he should not, pending the allowance of the account of the former administrator, account for the property he has received, thereby preventing delay in the settlement of the estate. See *Colby* v. *Stearns,* 270 Mass. 461, 464. While this question was not expressly adverted to, in *Kirwin* v. *Attorney General,* 275 Mass. 34, an administrator *de bonis non* with the will annexed asked and obtained an order for distribution although the final account of the executors had not been presented.

The auditor's report discloses that the intestate died leaving a widow, Macel L. Mason, and two minor children, Marion H. Mason and Frank W. Mason. The auditor found that the distributions to these heirs were unequal, the widow having received $490.18 in excess of her one third of the total amount distributed to the date on which the petitioner's account closed, the daughter $604.56 in excess of her one third, and the widow as guardian of the son $1,094.72 less than his one third; that when the petitioner made the advancements to the heirs litigation was pending from which the administrator hoped to secure funds to enable him to equalize the distributions. These facts do not render the decree erroneous. Advancements made on account of distributive shares are proper items for an administrator's account. Such advancements may not have been made in the proportions required for the ultimate just distribution of the estate. The adjustment of inequalities in advancements is a proper subject for inquiry and adjudication upon a petition for distribution. *Case* v. *Clark,* 220 Mass. 344, 347. The auditor found that the former administrator, Fidelity Trust Company, should be charged with $39,007. He also found that there are various stocks and securities belonging to the estate of which the petitioner has knowledge and of which he can

secure possession; but he was unable to find from the evidence introduced whether they were of any value. The inventory of the petitioner lists as assets notes in the amount of $8,100, and an interest in two partnerships. These three items are set forth in the inventory as of uncertain value. The petitioner may realize through these sources a sufficient sum to adjust the existing inequalities. If he is unable to do so, he made the unequal advancements at his risk. No protection would be afforded him by G. L. (Ter. Ed.) c. 206, § 23, for that section can have no application where it appears that advancements have been made not in the proportion required for the ultimate just distribution of the estate. See *Knowles* v. *Perkins*, 274 Mass. 27.

As to the question of compensation, the auditor found that the petitioner spent eleven hundred hours of time in the course of litigation which continued over a period of years and resulted in obtaining a judgment for the estate in the amount of $20,565 and the collection of a considerable sum of money, and that the petitioner failed to file any account from the time of his appointment on May 24, 1922, until the account in question was filed March 28, 1933; but the auditor was unable to find from the evidence that any loss or damage was caused to the estate or to the heirs at law by the failure of the petitioner to file an account each year. The findings of the auditor support the decree in so far as it allows compensation to the petitioner.

*Decree affirmed, with costs as against the appellant.*