GARALD K. RICHARDSON & another, executors, *vs.*
LAURA T. WOLCOTT.

Suffolk.     December 6, 1948. — February 8, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Executor and Administrator*, Compensation.

Each of joint executors of a will is to be allowed, not as an absolute right,
   but to a large extent in the discretion of the court, reasonable com-
   pensation only for services performed by him.
On reported evidence, a decree of a Probate Court disallowing any com-
   pensation to one of two joint executors of a will, who had been absent
   in a distant country during almost the entire period of settlement
   of the estate, was modified by allowing him $500 in place of $2,600
   claimed by him.

PETITION, filed in the Probate Court for the county of
Suffolk on July 23, 1947, by the executors of the will of
Samuel W. Wolcott, late of Boston, for allowance of their
first account.

The case was heard by *Wilson*, J.

*E. S. Tyler*, for the petitioners.

No argument nor brief for the respondent.

LUMMUS, J.  Garald K. Richardson and George A. Fur-
ness, executors of the will of Samuel W. Wolcott, presented
to the Probate Court their first account, for the period begin-
ning January 31, 1946, and ending May 5, 1947.  The in-
ventory showed $158,274.11, and the total of schedule A
was $178,879.81, all of which was disbursed or distributed
according to schedule B except $8,087.85 shown in schedule
C.  Mr. Richardson asked $3,900 for services as executor,
and Mr. Furness asked $2,600.  Besides, the law firm of
Richardson, Wolcott, Tyler and Fassett, of which Mr. Rich-
ardson was a member, asked $4,600 for their services.  Laura
T. Wolcott, a distributee, appeared in opposition to the al-
lowance of the account.  The account was allowed with the
exception of the items aggregating $2,600 by which com-
pensation was asked for services of Mr. Furness, and those

were wholly disallowed. The executors appealed. The evidence is reported, and on seasonable request under the statute the judge made a report of material facts.

When the testator died on November 4, 1945, Mr. Furness was in the Far East, apparently in military or other governmental service. He has never been in or near Boston since that time except for two or three days in November, 1946, and for a few days in January, 1947. But there was evidence that he shared in the determination of the major questions of policy involved in the estate. He must have taken part in the transfer of the securities that were sold. He determined with Mr. Richardson what securities were to be put into the trust created by the will. But his absence precluded the performance of much service. For the most part Mr. Furness merely signed and returned papers sent him by Mr. Richardson. Mr. Richardson made most of the decisions, made all the deposits, and signed all the checks. The judge found "that any services rendered to the estate by the coexecutor Mr. Furness were of extremely doubtful and nominal value," and "that his absence in Paris and the Pacific made it impossible for him to serve adequately as coexecutor, and that his absence from the United States was actually detrimental to a prompt and efficient administration of the estate." But we are unable to find in the record any evidence that the estate suffered any tangible loss because of his absence.

Joint executors, like joint trustees, are to be allowed reasonable compensation, but each is to be allowed compensation only for services performed by him. G. L. (Ter. Ed.) c. 206, § 16. *Howard* v. *Hunt*, 267 Mass. 185, 187. Compensation is not an absolute right but is within the discretion of the court to a large extent, and in a proper case may be wholly disallowed. *Moulton* v. *Thompson*, 291 Mass. 308, 311. *Spilios* v. *Papps*, 292 Mass. 145, 147. More exactly, the question what is reasonable compensation is a question of fact for the court, and its decision will not be reversed unless plainly wrong. *Taylor* v. *Trefrey*, 282 Mass. 555, 557. Compensation was reduced in *Bearse* v. *Styler*, 309 Mass. 288, and *King* v. *Grace*, 293 Mass. 244. In *Spilios* v. *Papps*,

292 Mass. 145, 147, one of two coexecutors did nothing except to sign papers which he understood only dimly, if at all, and was allowed $100 for his services. In *Bearse* v. *Styler*, 309 Mass. 288, in an estate of $150,000, one of the two coexecutors was over eighty years of age, and was unable because of illness to do more than to sign such papers as were presented to him, to sign checks for payments for amounts due from the estate, and to indorse for deposit checks received by the estate. His fee was reduced from $3,000 to $1,000.

Without doubt, the continued absence of Mr. Furness and his inability to perform much of the service ordinarily expected of a coexecutor, ought to reduce the allowance to him to an amount much smaller than $2,600. The whole matter is before us on all questions of law, fact and discretion. We have before us all the evidence that was before the Probate Court. Upon the whole, we think that Mr. Furness is entitled to $500 in full compensation for his services. The decree allowing the account is modified by providing for compensation to Mr. Furness in the amount of $500, in the place of the $2,600 claimed in the account, and as so modified it is affirmed.

*So ordered.*