FRANK WILSON, special administrator, *vs.* LILLIAN C. ASKINAS, guardian.

Suffolk. November 8, 1949. — December 23, 1949.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Executor and Administrator*, Compensation, Accountant, Debts, Special administrator.

On reported evidence, no error appeared in a decree of a Probate Court allowing an item in an account of a special administrator setting forth payment by him of $200 to an accountant for services which included services rendered during the lifetime of the decedent, although leave of court for such payment had not been obtained.

On evidence reported, an allowance to a special administrator of $3,500 for his services was ordered reduced to $2,000.

PETITION, filed in the Probate Court for the county of Suffolk on August 11, 1948, for allowance of the first and final account of a special administrator.

The case was heard by *Wilson*, J., the evidence being reported. From a decree allowing the account, the respondent appealed.

*G. Askinas*, for the respondent.

*H. L. Barrett*, for the petitioner.

LUMMUS, J. On September 23, 1947, Frank Wilson was

---

[1] The judge found that "the defence proposed by the libellee has merit." — REPORTER.

appointed special administrator of the estate of Max Brown. The inventory showed $24,458.63 of personal estate and $54,750 of real estate. The real estate consisted of an equity of redemption in land and a commercial building on Portland Street in Boston. The first and final account of Frank Wilson as such special administrator was allowed on November 23, 1948. Lillian C. Askinas as guardian of Seymour David Brown, who was interested in the estate, appealed.

The only items in the account now under attack are a payment of $200 to an accountant named Max Hymans and a payment to the special administrator of $3,500 for his services as such.

It appeared that the payment for services to the accountant included payment for services rendered during the lifetime of Max Brown. By G. L. (Ter. Ed.) c. 193, § 14, a special administrator may be granted leave by the Probate Court after notice to pay such debts due from the deceased as the Probate Court may approve. In the absence of such leave such payments may be contested at a hearing on his account. *Brackett* v. *Fuller*, 279 Mass. 62. In this case such leave was not obtained. But the evidence shows the preparation by the accountant of numerous tax and other returns, and conferences with various persons aggregating ten hours. The accountant was familiar with the affairs of the deceased. There was evidence that one result of his work was the receipt of a tax refund of about $345. The work was continuous, and the amount payable for services rendered to the deceased does not appear. We find no error in the allowance made for the services of the accountant. See *King* v. *Grace*, 293 Mass. 244, 251, 252.

We next consider the services of the special administrator himself. He was a lawyer of experience, specializing in probate cases. He was authorized by the Probate Court to take charge of the real estate, collect the rents, and make necessary repairs. G. L. (Ter. Ed.) c. 193, § 11. There were six tenants in the building. The special administrator

collected about $9,600 in rents and $725 in dividends. He made repairs amounting to $470.50. During the winter months of 1947–1948 he had much trouble with the real estate, and spent much time talking with tenants and arranging for repairs. He obtained from the Probate Court advancements of $1,000 each for the widow and son. He conferred and examined the law with respect to a contemplated claim by the widow against the estate for $20,000. He spent two hundred seventeen hours in work on the estate, besides other time of which he kept no record. He wrote ninety-two letters and drew ninety-one checks. His service as special administrator occupied more than eight months.

The appeal opens for our consideration on the whole record the amount of compensation to be allowed the special administrator. *King* v. *Grace*, 293 Mass. 244, 251. *Bearse* v. *Styler*, 309 Mass. 288, 291. *Richardson* v. *Wolcott*, 323 Mass. 693, 695. After full consideration of the circumstances and giving due weight to the decision of the judge, we are of opinion that a charge of $2,000 would be just and reasonable.

The result is that the decree allowing the account must, be reversed. A new decree is to be entered, modifying the account in schedule B by reducing the item of $3,500 for the services of the special administrator to $2,000, by adding to schedule C an item of $1,500, and by allowing the account as thus modified.

*So ordered.*