HAROLD W. WILLIAMS, executor, *vs.* MORRIS MACAULEY
HOWARD & others.

Barnstable.   April 9, 1953. — June 18, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Executor and Administrator*, Probate of will, Collection of assets, Sale of
property, Stock of decedent, Compensation, Accountant, Appraiser.
*Probate Court*, Vacation of decree, Findings by judge.

There was no error in the denial of a motion to vacate a decree of a
Probate Court allowing an account where the moving party had been
fully heard on the account and no accident or mistake was shown.
[324]

A petition in the nature of a bill of review to vacate a decree of a Probate
Court allowing an account does not lie after the taking of an appeal
to this court from the decree.   [324–325]

Upon appeal from a decree of a Probate Court allowing an account, with
a report of the evidence but no report of material facts, the decree im-
ported findings of all facts, open on the evidence, necessary to support
it, and such findings must stand unless plainly wrong.   [325]

No improper delay in securing allowance of a will was shown by the mere
fact that the will was filed for probate about ten days, and was al-
lowed about two and one half months, after the death of the testatrix.
[325]

One named in a will to be executor had no duty to search for assets of
the estate before his appointment.   [325]

There was no error in not charging an executor with loss from inventory
value in the sale of stocks of the decedent where it did not appear that
their value declined between the earliest time when they could have
been sold and the time when they were sold.   [325–326]

Upon reported evidence on an appeal from a decree of a Probate Court
allowing an executor's account, this court determined that fair com-
pensation for the appraiser, an accountant, and the executor, re-
spectively, would be certain sums substantially smaller than those
allowed by the Probate Court, and that in each instance the excess
must be disallowed and the executor charged with it.   [326]

PETITIONS, filed in the Probate Court for the county of
Barnstable on March 14, 1950, and July 12, 1951, for
allowance of the first and the second and final accounts of

Harold W. Williams as executor of the will of Mary K. Cobb, late of Barnstable.

The cases were heard by *Campbell*, J.

*Arthur M. Beale*, for the respondents.

*A. Van Allen Thomason*, for the petitioner.

LUMMUS, J. Mary K. Cobb of Barnstable died testate on May 28, 1948. Her will contained many specific and pecuniary legacies and a devise of all her real estate. The residue was given to Mary Louisa Mihm and Charlotte Coombe Howell. Harold W. Williams, a lawyer, was named as executor, and was appointed on August 10, 1948. The inventory, filed on January 27, 1949, showed $57,099.16 in personalty, the bulk of which was in bank deposits, stocks, and bonds, and only $5,011.25 in household furniture, jewelry, and silverware. The real estate was unencumbered, and was valued at $14,000. By a decree dated April 28, 1950, the Probate Court, in view of the fact that the assets were insufficient to pay the legacies in full, determined which of the legacies were to be paid in full and which must abate. From that decree there was no appeal. Under a decree of the Probate Court, from which there was no appeal, the executor settled for $5,000 a claim for services rendered to the testatrix.

Both the first account and the second and final account of the executor were allowed on October 1, 1951. Certain legatees appealed on October 17, 1951. On September 24 and 25, 1952, the Probate Court refused to vacate the allowance of the accounts, on petition as well as on motion, and those legatees appealed. So far as those legatees relied on a motion, the refusal to vacate the decrees allowing the accounts was right. Those legatees had been fully heard by the Probate Court, and no accident or mistake was shown. *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421, 423–424. So far as those legatees relied on a petition in the nature of a bill of review (*Theberge* v. *Howe*, 314 Mass. 22, 25), the petition was properly dismissed because it attacked decrees from which an appeal had been taken and which were no longer open to revision by the Probate

Court. *Nelson* v. *Bailey*, 303 Mass. 522, 526. *Commissioner of Insurance* v. *Broad Street Mutual Casualty Ins. Co.* 306 Mass. 362, 365.

The substantial questions in the case arise upon the appeals from the decrees allowing the accounts. There is no finding of material facts, but there is a report of the evidence. The decrees import a finding of all facts, open upon the evidence, needed to support the decrees, and such findings must stand unless plainly wrong. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 84. *Berry* v. *Kyes*, 304 Mass. 56, 57–58. *Buckingham* v. *Alden*, 315 Mass. 383, 385. *Ryder* v. *Garden Estates, Inc.* 329 Mass. 10.

The appellants contend that there was negligent delay in proving the will. We have merely the facts that the testatrix died on May 28, 1948, that the will was filed for probate on June 8, 1948, and that the will was proved and the executor appointed on August 10, 1948. There is no evidence of any improper delay, and no evidence of any harm to the appellants resulting from delay.

The appellants contend that the executor should have searched for assets before he was appointed. They admit, however, that he could not have obtained possession of the assets until twenty days after his appointment. We are unable to see that he had any duty to act before he was appointed.

It appears from the accounts that in selling the stocks there was a net loss of $5,515.03 from the inventory value. The inventory had been filed on January 25, 1949. The stocks were all sold about July 1, 1949. It appears that the executor mistakenly thought that he had to transfer the stocks from the name of the testatrix into his own name before he could sell them, and that such transfer caused a delay. The executor testified that he did not learn what the assets of the estate were until just before the inventory was filed, although ever since his appointment on August 10, 1948, he had been trying to learn. There was no evidence that the judge was required to believe that the value

of the stocks declined between the earliest time at which they could have been sold and the time when the executor actually sold them. For that reason we cannot say that there was error in not charging the executor with any loss.

The appellants object to the allowance of a fee to the appraiser of $400, of a fee to an accountant of $1,194.98 which included the preparation of State and Federal tax returns, and of a fee to the executor of $4,944.98. Although the value of these services is a question of fact, that question is open before this court. *King* v. *Grace*, 293 Mass. 244. *Culhane* v. *Foley*, 305 Mass. 542. *Richardson* v. *Wolcott*, 323 Mass. 693. *Wilson* v. *Askinas*, 325 Mass. 136. "The true principle is that adequate reward should be made according to the circumstances of each case, considering the importance and difficulty of the work performed as well as the time actually devoted to it." *King* v. *Grace*, 293 Mass. 244, 251.

Upon a consideration of the character and value of the estate, and of such glimpses of the labor involved as we can gain from the evidence, we think that fair compensation for the appraiser would be $200, and for the accountant $500. We think that $3,000 would be sufficient reward for the executor. Accordingly the executor is charged as having still in his hands the sum of the items of $200, $694.98, and $1,944.98 which we disallow, making a total of $2,839.96 disallowed. The decrees allowing the accounts are modified by disallowing that amount.

The accounts show payments to the Commonwealth of legacy and succession taxes of $2,438.56. The contestants contend that there are still due a tax on the remainder interest of Morris Macauley Howard in the real estate, and a tax on a legacy of $1,000 to the same person, said to become due on the death of the life tenant. The will provided that all "inheritance, legacy and succession taxes . . . shall be paid out of and from the body of my estate," and not out of legacies and devises. On February 24, 1953, the commissioner of corporations and taxation granted an abatement of $761.32. The record does not make clear how

the taxes and the abatement were computed. We think that justice will be done by reserving all questions as to such taxes until the hearing in the Probate Court on the disposition of the sum of $2,839.96, above mentioned. When the questions as to taxes have been determined, a final decree is to be entered in accordance with such determination and with this opinion.

*So ordered.*