MADELEINE L. REILLY & another, conservators, *vs.* JAMES
A. McAULIFFE & others.

Plymouth.   November 6, 1953. — February 26, 1954.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Conservator.*

On appeal from a decree of a Probate Court with findings of fact and a
report of the evidence, this court reduced from $400 to $300 and from
$600 to $400 the compensation allowed two conservators respectively
on their first and final account of a small estate comprised largely of
bank accounts and securities which they administered during a period
of six weeks prior to the death of the ward.

PETITION, filed in the Probate Court for the county of
Plymouth on April 4, 1952, for the allowance of the first
and final account of the petitioners.

The case was heard by *Davis*, J.

In this court the case was submitted on briefs.

*Eben G. Townes & Edward H. Stevens*, for the respondents.

*Thomas W. Prince*, for the petitioners.

SPALDING, J.   The questions for decision here arise out of
the first and final account of Ovide V. Fortier and Madeleine
L. Reilly, conservators of the property of Mary A. Donovan,
late of Brockton, hereinafter called the ward.   The only
matters in dispute are two items (23 and 24) relating to
their charges for services.   Under item 23 the sum of $500
was reserved for Fortier's services, and under item 24 the
sum of $1,500 was reserved for Reilly's services.   Both
items were disallowed, the judge allowing Fortier $400 and
Reilly $600.   From a decree entered accordingly, James A.
McAuliffe, individually and as special administrator of the
estate of Mary A. Donovan, appealed.   The evidence is
reported and there is a report of the material facts by the
judge.

Mr. Fortier and Miss Reilly, hereinafter called the accountants, are both lawyers practising in Brockton. On April 26, 1951, they were appointed conservators of the property of the ward on the grounds of advanced age and physical incapacity. At the time of their appointment the ward was critically ill with cancer of the bladder and had just entered the Braemoor Rest Home. Before going there she had been a patient in the Brockton Hospital. She died on June 5, 1951, approximately six weeks after the accountants were appointed. According to an inventory filed by them the ward owned personal property valued at $20,264.78. With the exception of one or two items of jewelry of trifling value, the property consisted of cash, a balance in a checking account, several savings accounts, coöperative bank shares, Federal Savings & Loan shares, and government bonds. All of the bank books and securities were kept at the Brockton Savings Bank.

We have no hesitation in saying that the sum of $1,500 originally charged by the accountant Reilly was exorbitant. We also are of opinion that the sum of $500 charged by the accountant Fortier was excessive, although not to the same extent. The action of the judge in reducing these charges is not here challenged, for the accountants did not appeal from the decree. *Greenaway's Case*, 319 Mass. 121, 122. The contention of the special administrator (the appealing party) is that the charges, even as reduced, are still excessive. We are disposed to agree with this contention.

The period during which the accountants served as conservators was only six weeks. The estate was small and the property, consisting as it did of bank accounts and securities, presented no questions of difficulty. Indeed, an estate of less complexity, from the standpoint of the property involved, would be difficult to imagine. There were, of course, some bills of the ward to be paid, and an inventory had to be prepared. It was also necessary for the conservators to visit the ward from time to time in order to ascertain what her needs were. But in no sense was the work involved either arduous or difficult.

Although she kept no record of the time spent, the accountant Reilly estimated that she "put in anywhere from 150 to 200 hours." The accountant Fortier also kept no record of the time spent but estimated that he "put in 45 or 50 hours," and the judge in substance adopted this estimate in his findings. He made no finding, however, as to the amount of time spent by the accountant Reilly. On the basis of their testimony the accountants spent 200 to 250 hours in the performance of their duties as conservators. It is difficult to conceive of that amount of time being necessary to accomplish the work here involved. Nor is it apparent to us why it was necessary to have two conservators to manage a small estate of this sort. Of course, where there are two conservators the charges for services are not doubled. Presumably in such a case the work would be divided and each conservator would be entitled to reasonable compensation for the work actually rendered by him in addition to the nominal service and responsibility as conservator. *Howard* v. *Hunt,* 267 Mass. 185, 188. *King* v. *Grace,* 293 Mass. 244, 251. But where two conservators are appointed in a situation like the present a duplication of effort is not unlikely. At all events that seems to have been the case here.

In this Commonwealth fiduciaries such as the accountants "shall have such compensation for services as the court may allow." G. L. (Ter. Ed.) c. 206, § 16, as appearing in St. 1949, c. 140. "The meaning of the statute is that the compensation is to be just and reasonable in each case, considered by itself alone." *Parker* v. *Hill,* 185 Mass. 14, 15. In other words, adequate reward should be made "according to the circumstances of each case, considering the importance and difficulty of the work performed as well as the time actually devoted to it." *King* v. *Grace,* 293 Mass. 244, 251. After full consideration of all the evidence and giving due weight to the decision of the judge, we are of opinion that the accountant Fortier should be allowed the sum of $300 and that the accountant Reilly should be allowed the sum of $400. By reason of these reductions the item of "$3,178.10 cash on hand," which the accountants under the decree are ordered

to pay to the special administrator should be increased to $3,478.10.

The decree of the court below is modified in conformity with this opinion and, as so modified, is affirmed.

*So ordered.*