Tiffany, J.
This action is a suit brought by a special administratrix for compensation for services rendered to the Estate of Joseph R. Mucci. The defendant, Joanne M. Vannah, is currently the administratrix of the Estate of Joseph R. Mucci. The probate of this estate is currently pending in the Middlesex Probate Court.
The docket entries indicate that this suit was filed on March 25,1982; and that defendant’s motion to dismiss for lack of subject matter jurisdiction was filed on April 21,1982. After hearing, the motion to dismiss was denied by the trial court on May 7, 1982.
The sole issue before this Division is the propriety of the trial court’s denial of *49 the motion to dismiss. The broad question presented for our consideration is whether a district court has jurisdiction over a claim by a special administratrix for services rendered as special administratrix to the estate of a decedent where the probate of the estate is currently pending in the Probate Court Department.
It is clear that specifically under G.L. c. 218, §20, the district courts have jurisdiction of civil actions against executors and administrators, but only upon a return unsatisfied of an execution upon a judgment rendered in a civil action against the executor or administrator for a debt due from the estate of the deceased. G.L.c. 230, §10.
This is clearly not the case at bar as this is an action by a special administratrix for compensation for her services.
The question of compensation for executors and trustees was decided in Richardson v. Wolcott, 323 Mass. 693 (1949), wherein the Court held that compensation is not an absolute right, but is within the discretion of the court to a large extent and, in the proper case, may be disallowed.
The plaintiff, Restaino, in the case subjudice relies mainly on G.L.c. 218, § 19, which provides the district courts with concurrent jurisdiction with the Superior Court Department over civil actions involving money damages; and on G.L.c. 212 §4, which gives the superior courts original jurisdiction over all civil actions except where other courts have been given exclusive, original jurisdiction.
We are of the opinion that the plaintiffs reliance on the term “civil actions” for money damages is misplaced. A probate account cannot be settled in an ordinary action at law. Ammidown v. Kinsey, 144 Mass. 587 (1887). The appointment of a special administratrix is solely within the jurisdiction of the Probate Court Department in connection with the administration of a decedent’s estate. General Laws c. 215, §39 provides that probate courts may ascertain and determine the amount due for services rendered by any person in connection with the administration of the estate of a deceased person. That statute is not to be broadly extended. King v. Grace, 293 Mass. 244, 252 (1936); Ginsburg v. Wyman, 272 Mass. 499, 501 (1930). Inherent in the appointing authority of the probate court is the accountability of executors and administrators for their actions to the appointing authority by means of a petition for the allowance of their account. What is a reasonable fee for the services of an accountant is a question of fact for the probate court. Taylor v. Trefrey, 282 Mass. 555, 557 (1933).
Taking all of the above into account, the deciding factor in the matter at bar is the pending status of the administration of the estate in question before the probate court. Assuming arguendo that different courts of the same sovereign power have concurrent jurisdiction of the same causes, the one whose jurisdiction is first duly invoked has authority paramount over the other courts. Old Colony Trust v. Segal, 280 Mass. 212, 214 (1932). Accounts setting forth disbursements of expenses, payments to legatees and fees to various administrators and administratrices will ultimately have to be submitted to a probate court for allowance. An action of this nature is an attempt at piecemeal administration of the estate; and to confer jurisdiction on the District Court Department would interfere with the orderly settlement of estate accounts. Complete jurisdiction of the estate of a deceased person is vested in the Probate Court Department, and the accounts of administrators appointed by probate courts must be settled there. MacDonald v. Gough, 327 Mass. 739 (1951).
The payments and establishment of fees, expenses and the like of probate accounts is exclusively within the jurisdiction of a probate court for its determination of ultimate allowance or disallowance.
The Probate Court Department is the proper place for the allowance of expenses incurred and disbursements made in the administration of an estate. *50 "It cannot be contended that exclusive jurisdiction to allow costs and expenses is vested in this court [Supreme Judicial Court] as the Supreme Court of Probate.” Loring v. Wise, 226 Mass. 231, 233 (1917). “Matters relating to the management and disposal of the corpus of a trust are under the control of the Probate Court. They are probate affairs.” Ensign v. Faxon, 224 Mass. 145, 147 (1916).
The defendant’s motion to dismiss herein should have been allowed as a matter of law. The denial of the defendant’s motion is reversed; and such motion to dismiss is hereby allowed.

So ordered.