ELIZABETH WILLWERTH, guardian, *vs.* JOSEPH WILLWERTH.

Suffolk.    March 15, 1900. — May 23, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Findings of Fact by Single Justice on Appeal in Equity — Auditor's Report.*

On an appeal in equity a judge's findings of fact, founded in part upon the oral tes-
timony of witnesses heard before him, will not be set aside unless they are clearly
wrong; and an auditor's report being part of the evidence makes, under the
statute, a *prima facie* case in favor of the party whose claims it supports.

KNOWLTON, J.    This is an appeal from a decree of a single
justice of this court affirming a decree of the Probate Court al-
lowing, with certain modifications, the accounts of a guardian of
an insane person.    An auditor was appointed in the Probate
Court, who had protracted hearings and made a report.    The
case was then heard at length with oral testimony before a judge
of the Probate Court, who made a decree in accordance with the
findings of the auditor.    An appeal was then taken, and another
hearing was had before a single justice of this court, who affirmed
the decree of the Probate Court.    An appeal was then taken to
the full court, and we have before us the report of the testi-
mony which was given at the last hearing.

It is a familiar rule that on an appeal in equity a judge's find-
ings of fact, founded in part upon the oral testimony of witnesses
heard before him, will not be set aside unless they are clearly
wrong.    *Chase* v. *Hubbard*, 153 Mass. 91.

Upon the evidence reported it does not appear that there is
any error of law or of fact in the decree of the single justice.
The auditor's report was a part of the evidence, and under the
statute it makes a *prima facie* case in favor of the party whose
claims it supports.    St. 1889, c. 311, § 1.    It would serve no use-
ful purpose to review the evidence.

*Decree affirmed.*

*I. D. Van Duzee*, for the appellant.
No counsel appeared for the appellee.