HENRY COLLINS, trustee, vs. EMELINE A. POOLE & others.

HENRY COLLINS, as guardian, vs. EMELINE A. POOLE.

SAME vs. SAME.

JAMES H. POOLE & another, trustees, vs. EMELINE A. POOLE
& others.

Middlesex.    December 6, 1905. — March 2, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice*, Hearing before master.   *Practice, Civil*, Auditor,
Appeal.

In a hearing before a master appointed by a single justice of this court in a case
coming by appeal from the Probate Court, the report of an auditor appointed
by the Probate Court under R. L. c. 165, § 56, which was filed in the case in
the Probate Court and relates to the issues on trial is admissible as a part of
the case which it is the duty of the master to hear.

APPEALS from a decree of the Probate Court in four cases,
involving controversies as to the accounts of Henry Collins as
trustee under the will of Seth B. Poole and as guardian of Eme-
line A. Poole.

The cases came on to be heard before *Braley*, J. upon a mas-
ter's report and exceptions thereto.

Two questions were raised before the justice:

First, that at the hearing of the case before the master the
report of the auditor, who was appointed in these cases by the
Probate Court, was admissible in evidence in favor of Emeline
A. Poole and James H. Poole, and that a ruling of the master
excluding the auditor's report was erroneous.

Second, that the master erred in the adjustment of Collins's
account as between the two estates, and that Collins should have
been charged as guardian with a much larger amount than that
shown by his account; and further, that by reason of his mal-
administration as guardian, as shown by the master's report, he
should not in any event be allowed any compensation for his
services.

Being of the opinion that the auditor's report made in these
cases was admissible in evidence at the hearing before the mas-

ter, the justice sustained the first exception of Emeline A. Poole and the first exception of James H. Poole, and ordered the other exceptions severally overruled, and entered a decree accordingly.

At the request of Henry Collins, and being of opinion that the decree so affected the merits of the controversy that the matter ought to be determined by the full court before further proceedings were taken, the justice reported the ruling for decision thereon by the full court. If the ruling was right, the remaining exceptions became immaterial, but if the ruling was found to be wrong, the remaining exceptions were of importance to the excepting parties.

*L. S. Dabney & A. M. Lyman,* for Henry Collins and his surety.

*L. C. Southard,* for James H. Poole, was not called upon.

*F. N. Nay & W. Keyes,* for Emeline A. Poole, were not called upon.

HAMMOND, J. These cases raise this question, namely: Is the report of an auditor duly appointed by the Probate Court under R. L. c. 165, § 56, admissible as evidence in a hearing before a master appointed by the Supreme Judicial Court in which on appeal from a decree of the Probate Court the case is pending? In discussing this general question it is to be predicated of course that the statements contained in the auditor's report would if admitted be pertinent and material to the subject matter before the master.

The statute reads thus: " After any account of an executor, administrator, guardian, trustee or other person who is required by law to render an account in the probate court has been filed therein, the judge of said court may, before approving it, appoint one or more auditors to hear the parties, examine vouchers and evidence and report upon the same to the court. The report shall be *prima facie* evidence upon such matters as are expressly referred to such auditors."

In *Webber* v. *Orne,* 15 Gray, 351, which was an action at law upon an account annexed, the lower court sent the case to an auditor, who made a report in favor of the plaintiff, and judgment was entered for him. The defendant appealed to the Superior Court, and the question whether in the trial in that

court the auditor's report was admissible was raised and finally was brought to this court. It was decided that the report was admitted properly. In giving the opinion, Bigelow, J. takes notice of the fact that the statute (Rev. Sts. c. 85, § 15) required the originals of depositions and other original evidence or documents to be produced in the appellate court. But the substantial reason for the decision appears in the following language on page 352 : " The validity of the report was not affected by the appeal. It formed no part of the judgment in the lower court. It was the report of an auditor duly appointed, which is made competent evidence by statute ; and, like depositions and other duly authenticated papers, was admissible in all stages of the cause, when it was necessary and proper to offer proof."

In *Brigham* v. *Morgan*, 185 Mass. 27, the report of an auditor appointed under St. 1889, c. 311, of which the present statute is a re-enactment, was received as evidence at the hearing in the Supreme Court of Probate to which the case had come on appeal, and it was adjudged that it was admitted properly ; but the objection then made was not the same as that which is made in the present cases. In the opinion in that case it is said that " the statute is remedial in its nature and should receive a construction consonant with its manifest purpose, which is to relieve the court from making a personal examination of the details of complicated accounts, and to enable it to call in the services of an auditor to assist." Another instance where the report of an auditor appointed by the Probate Court was received in evidence in the appellate court is to be found in *Willwerth* v. *Willwerth*, 176 Mass. 265. In this case the auditor's report, upon an appeal from the single justice, was taken as evidence by the full court, but it is proper to say that no question was raised about the admissibility of the report.

Upon general principles we think that there can be no question that the report of an auditor appointed by any court in which an action is pending follows the case wherever it goes ; and when pertinent and material to the issue on trial, is admissible in whatever court the trial takes place.

It is contended however by the accountant Collins that even if this be so, the principle is not applicable when in the appellate

court the case is referred to a master.   In support of this contention it is urged among other things that the appointment of a master is in substance the rejection of the auditor's report, and that the master should be left to draw his own conclusions, and by the very reference he is expected to do that.   The position is stated in the brief in this language:

"Apart from any statutory authority, courts in equity have inherent powers to appoint a master, and it is elementary that both the functions of a master and his findings differ materially from those of an auditor, the master's findings being conclusive, unless error is shown, while the findings of an auditor are only *prima facie* evidence upon such matters as are referred to him. In view of the master's responsibilities, it would seem that his findings should be based upon his own views and opinions, as to the credibility of witnesses, and the weight of evidence, and that in respect to the matters committed to him by the court and upon which his own views and findings are called for, he should not be answerable for or influenced by the opinions of any one other than himself.   We contend that what the court ordered was a report of the master's findings based upon the evidence heard by him.   To say that such evidence included the auditor's report is merely to beg the question."

But the position of the accountant upon this question is untenable.   We have already said that the auditor's report is admissible in a hearing before the appellate court.   It is evidence in the case when heard before the judge.   If for any reason the judge sends the case to a master for trial, such trial is the only one the parties can have on the merits unless it is shown by a hearing on exception to the report of the master that he is in error.   Unless the report of the auditor can be introduced at the hearing before the master it cannot be introduced at all in the appellate court.   Under this view of the situation the report would be admissible if the case were heard on its merits by the judge and not if heard by the master.   In the former case the party who has the right to the use of the report in his favor as a piece of evidence may avail himself of the right; in the latter case the right is gone, and that too without his fault.   In other words, the nature of the evidence which can be introduced in his favor in a trial on the merits

depends upon the particular judicial officer of the court by whom the case is heard. A construction of a statute which leads to results so unreasonable and unjust is not to be adopted unless it be indicated by the clearest language.

As stated in the language of the brief above quoted, " the functions of a master and his findings differ materially from those of an auditor, the master's findings being conclusive, unless error is shown, while the findings of an auditor are only *prima facie* evidence upon such matters as are referred to him." While it is true that the master is entrusted with this important duty and is under a corresponding responsibility, and while it is true that he must in the end act upon his own conclusions, it is equally true that he sits, as does any other judge, to try the case upon the evidence, and his conclusions must be based upon the evidence; and it is the right of the parties to offer, and his duty to receive, all material evidence exactly as in a trial before the judge. Moreover the report of the auditor is as likely to be as helpful to the master as to any other person hearing the case. The true principle is as stated by Bigelow, J. in *Webber* v. *Orne, ubi supra,* that the auditor's report is "admissible in all stages of the cause, when it was necessary and proper to offer proof." If the appellate court had appointed another auditor to hear the case instead of sending it to a master, the question presented would have been different. Such action by an appellate court doubtless would be regarded as equivalent to the revocation of the appointment of the first auditor and the consequent nullification of his report. But the mere reference of the case to a master cannot be taken as superseding the report of the auditor; and in this case there is nothing in the agreement of the parties or in the form of the reference which should take the case out of this general rule.

It is further contended by Collins that the record of the Probate Court does not show that any specific matter was given to the auditor to decide, or that he was asked to make any findings of fact upon any subject whatever. By an inspection of the form of the reference, however, it plainly appears that the thing referred to the master was in each case the account filed in the Probate Court. Anything involved in the account was therefore before him. The same subject was before the master, and it is

to be assumed that the auditor's report contained statements material to the inquiry.

The ruling of the single justice as to this was correct. In the report upon which the case comes to us it is stated that if this ruling was right the remaining exceptions become immaterial. We have not therefore considered them, but in accordance with the terms of the report the decree sustaining the first exception of Emeline A. Poole and the first exception of James H. Poole, and overruling all the other exceptions must be affirmed; and it is

*So ordered.*