ARTHUR E. WOOD *vs.* HATTIE E. W. FARWELL, executrix,
& another.

Worcester.    March 27, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Executor and Administrator,* Account of.  *Probate Court.  Evidence,* Presumptions and burden of proof.

Where an administrator claims a debt alleged to be due to him from the estate of his intestate and the parties fail to agree upon arbitrators under the provisions of R. L. c. 141, §§ 6, 7, it becomes the duty of the Probate Court, and of a single justice of this court on appeal, to pass upon such claim of the administrator as well as upon all other matters involved in his account.

Where parties objecting to the allowance of the account of an administrator contend that the administrator has not charged himself with sums of money which came into his possession, they can examine him in regard to it and present evidence to show that his account in that particular is incorrect.

Where parties objecting to the allowance of an account of an administrator contend that the administrator has not charged himself with sums of money which came into his possession, the Probate Court on the request of the administrator may order the filing of specifications of alleged errors if the accountant seems to need them for his information, but this is not necessary to the jurisdiction of the court, and a refusal of such a request deprives him of no right to which he is entitled, especially where there is no reason to think that the accountant has suffered injustice in this respect.

Under R. L. c. 150, §§ 1–3, it is the duty of an executor or administrator to present a true account and to verify it by his oath, and his account cannot be allowed until the court is satisfied by affirmative evidence that it is correct. In proving this the burden is upon the executor or administrator as well in showing credits for all that the accountant has received as in presenting truly the items of expenditure for which he asks to be allowed.

KNOWLTON, C. J.    This is an appeal from a decree of a single justice, allowing in part an account of the appellant as administrator, and disallowing it in part. The only questions before us are whether the court had jurisdiction, and whether the burden of proof was on the accountant to establish the truth of his account.

At different times, in the Probate Court, the appellant filed amendments to his account, and in regard to a part of it he was the claimant of a debt alleged to be due him from the estate. The parties failed to agree upon an arbitration under the provisions of the R. L. c. 141, §§ 6, 7, and it therefore became the

duty of the court to pass upon the appellant's claim, as well as upon all other matters involved in the account. *Willey* v. *Thompson*, 9 Met. 329, 336. *Buckley* v. *Buckley*, 157 Mass. 536. *Ela* v. *Edwards*, 97 Mass. 318. When parties, objecting to the allowance of an account, contend that the administrator has not charged himself with sums which came into his possession, they can examine him in regard to it, and present evidence to show that his account is incorrect in that particular. Upon request the court well may order the filing of specifications of alleged errors if the accountant seems to need them for his information. But this is not necessary to the jurisdiction of the court. In the present case there is no reason to think that the accountant has suffered injustice in this respect.

The burden is upon the accountant to present a true account and verify it by his oath. R. L. c. 150, §§ 1–3. Until the court is satisfied by affirmative evidence that the account is correct, it cannot be allowed. It must be correct as well in showing credits for all that the accountant has received, as in presenting truly the items of expenditure for which he asks to be allowed.

*Decree affirmed.*

The case was submitted on briefs.
*J. W. Sheehan & L. Cutting*, for the appellant.
*A. H. Wellman & E. Weeks*, for the appellees.