KATHERINE A. GALLAGHER, administratrix, *vs.* LOUISE C. PHINNEY & another.

Middlesex.     April 5, 1933. — October 25, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Executor and Administrator,* Account, Compensation. *Probate Court,* Appeal; Auditor: report, findings; Costs; Findings by judge. *Interest. Contract,* Implied.

Where, upon an appeal from a decree of a probate court, entered after a hearing upon a contested account of an administrator, there was no report of evidence under G. L. (Ter. Ed.) c. 215, § 12, and no report by the judge of material facts found by him, a report of an auditor, which was in evidence before the judge, was not properly a part of the record, although it was printed with the other papers on appeal.

Where, upon such an appeal, it did not appear that the parties had agreed to submit the findings by the auditor as facts or as evidence, and the decree recited that the matter had "been referred to an auditor who has reported to the court, and a hearing had thereon," and ordered "that the account be allowed in accordance with the auditor's report except" for certain changes in specified items, it could not be said that the decree incorporated the report in the record either as findings of fact or as a report of evidence by the judge.

The only question open in this court upon the appeal above described was the power of the Probate Court to make the decree upon any evidence which might have been presented at the hearing on the account.

If a judge of probate finds, on evidence warranting his findings, that the personal representative of a decedent has failed to establish a right to compensation for services rendered to the decedent, the judge has power to disallow an item in an account of the personal representative charging the estate for such services.

It *was stated* that a judge of probate, hearing a contested account of the personal representative of a decedent, has the power in proper circumstances to refuse to allow the accountant any compensation for

his services as personal representative, to charge him with interest on funds of the estate which he improperly has failed to distribute and to order him to pay costs and expenses to the attorney for the contestant.

It *was stated* that, assuming that the report of an auditor, to whom had been referred a contested account of the personal representative of a decedent, was the only evidence, except for the account, before the judge of probate at a hearing on the account, that a finding by the auditor, based on all the evidence before him, that the accountant had not sustained the burden of establishing a charge to the estate for services rendered to the decedent, warranted action by the judge disallowing an item in the account for such services and was consistent with subsidiary findings by the auditor to the effect that the relation between the decedent and the accountant was "social" rather than "one of business."

PETITION, filed in Probate Court for the county of Middlesex on June 25, 1930, for the allowance of the first and final account of the petitioner as administratrix of the estate of Emily B. Bailey, late of Somerville.

The matter was referred to an auditor. A decree, entered by order of *Leggat*, J., is described in the opinion. The petitioner appealed.

*E. J. Flynn, A. L. Baker, & C. S. Donovan*, for the administratrix, submitted a brief.

*C. C. Steadman*, for the respondents.

FIELD, J. This is an appeal by the administratrix of the estate of Emily B. Bailey, late of Somerville, from a decree of the Probate Court upon her account as such administratrix for the period beginning March 7, 1927, and ending June 24, 1930. The account filed by her purported to be a first and final account and showed nothing remaining in her hands to be accounted for. Upon objection by the next of kin of the intestate to the allowance of the account the matter was referred to an auditor who made a report. Thereafter a decree was entered allowing the account as a first account, changed in many particulars from the account as presented so that it showed a balance in the hands of the administratrix of $12,809.21. In reaching this result an item of $8,000 charged as of December, 1927, against the estate for services of the accountant rendered prior to the death of the intestate was disallowed and no allowance of

compensation for her services as administratrix was made. The decree also ordered payment by the accountant to the next of kin of the intestate of interest in the sum of $3,549.03, and payment to their attorney of the sum of $2,500 as costs and expenses. The accountant appealed.

The accountant contends that the decree was wrong in disallowing the $8,000 item for services of the accountant prior to the death of the intestate, in allowing no compensation for her services as administratrix, in ordering payment of interest, and in allowing costs and expenses. Except as to the resulting balance in her hands the accountant makes no objection to the other modifications of the account.

No error in the decree is disclosed.

The evidence taken in the Probate Court is not reported (see G. L. [Ter. Ed.] c. 215, § 12), and no report of material facts found by the judge was made by him either voluntarily (see *Mulloney* v. *Barnes*, 266 Mass. 50, 51), or at the request of a party as provided in G. L. (Ter. Ed.) c. 215, § 11. The auditor's report — which is printed with the appeal papers — is not a part of the record. The matter of the allowance of the account was within the jurisdiction of the Probate Court sitting in probate. *Buttrick* v. *Snow*, 277 Mass. 401, 404. Procedure on appeal in such cases resembles procedure in equity (G. L. [Ter. Ed.] c. 215, § 9), but an auditor's report on such an account is not like a master's report in equity. See *Hodge* v. *Mackintosh*, 248 Mass. 181, 188. It is by express statutory provision *prima facie* evidence upon the matters included in the reference (G. L. [Ter. Ed.] c. 221, § 57), and stands like an auditor's report at common law. Compare *Collins* v. *Poole*, 190 Mass. 599. Such an auditor's report is not a part of the record on appeal unless made so in some proper manner. *Davis* v. *Gay*, 141 Mass. 531, 534. See also *McMillan* v. *Gloucester*, 244 Mass. 150, 151. The parties here did not agree that the findings of the auditor should be submitted to the court either as facts or as evidence. Nor did the decree make the auditor's report a part of the record. It recited that the matter had "been referred to an auditor who has reported to the court, and a hearing had thereon,"

ordered "that the account be allowed in accordance with the auditor's report except item 20 in schedule B of said report [compensation of the administratrix in the amount of $1,200], which is disallowed in the sum of $1200, and that the items as set forth in schedules A and B of said account be disallowed and allowed in the sums as set forth in the schedules A, B and C hereto annexed," and set out in full the account as changed and allowed. This language is not to be interpreted as incorporating the auditor's report in the record as either findings of facts or a report of evidence by the judge. Moreover, even if the decree is treated as incorporating the auditor's report in the record as a report of evidence, it does not show that the auditor's report was the only evidence before the court. Being *prima facie* evidence it could have been supplemented, controlled or rebutted by other evidence. *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 245–247.

In this state of the record the only question open on appeal is the power of the Probate Court to make the decree upon any evidence which might have been presented at the hearing on the account. *Goss* v. *Donnell*, 263 Mass. 521, 523. But nothing in the decree was beyond the power of the court upon evidence which might have been presented at the hearing. The burden of establishing the correctness of the account rested on the accountant. *Wood* v. *Farwell*, 195 Mass. 559, 560. Clearly the court might have found on evidence that the accountant failed to establish her right to $8,000 for services rendered by her to the intestate in her lifetime. And the court had power, in circumstances which evidence might have disclosed, to refuse to allow any compensation to the accountant for her services as administratrix (*Brooks* v. *Jackson*, 125 Mass. 307, 311, *McIntire* v. *Mower*, 204 Mass. 233, 235, *Brackett* v. *Fuller*, 279 Mass. 62, 71–73) and to charge her with interest on funds of the estate which she failed to distribute. *White* v. *Ditson*, 140 Mass. 351, 362–363. *McIntire* v. *Mower*, 204 Mass. 233, 236, and cases cited. Furthermore, in "contested cases before a probate court . . . costs and expenses in the discretion of the court may be awarded to

either party," or "to his counsel," "to be paid by the
other . . ." (G. L. [Ter. Ed.] c. 215, § 45) and the record
does not show that this discretion was abused.  Compare
*Boynton* v. *Tarbell*, 272 Mass. 142, 146.

The accountant is in no better position if it is assumed
in her favor that the auditor's report was made a part of
the record and that — except for the account as filed which,
the decree recites, was "verified by the oath of the account-
ant" — the report was the only evidence before the court.
On these assumptions the findings of the auditor war-
ranted, if they did not require, the disallowance by the
court of the $8,000 item for services rendered before the
intestate's death.  The auditor states that "taking into
consideration all the evidence and the inferences to be
drawn therefrom I must find the same is not sufficient nor
definite nor strong enough to sustain the burden of proof
on the part of the accountant to establish this charge for
services . . . . I, therefore, disallow the same."  This general
finding of the auditor was based on "all the evidence" before
him, and not solely on his subsidiary findings.  The evi-
dence before him is not reported in full, though there are
some recitals of evidence in the report.  Consequently the
decree of the Probate Court disallowing the $8,000 item is
supported by the general finding of the auditor and must
stand unless, as matter of law, that finding is inconsistent
with the subsidiary findings.  (Even if, as we do not imply,
the auditor's report was susceptible of different inferences,
so that the judge might have come to a different conclusion
from that reached by the auditor [see *King* v. *Freedman*,
239 Mass. 560, 564; *Druggists Circular, Inc.* v. *American
Soda Fountain Co.* 240 Mass. 531, 534; *Fisher* v. *Drew*,
247 Mass. 178, 180–181], the decree imports that the judge
drew the permissible inferences required to support it.  See
*Bianco* v. *Ashley*, *ante*, 20, 26.)  And the auditor's gen-
eral finding is not, as matter of law, inconsistent with
the subsidiary facts found by him.  Everything in the
report is consistent with the finding therein that the tes-
timony "suggests a social relation rather than one of
business" between the accountant and the intestate from

which no liability upon the intestate would arise (*Spencer v. Spencer*, 181 Mass. 471, 473), and we need not discuss the report in detail.

The accountant does not contend that the decree is wrong with respect to the three items of compensation, interest, and costs and expenses if, as we decide, it was right with respect to the disallowance of the $8,000 item. She states in her brief that it is "submitted that these three items naturally stand or fall with the determination of the allowance or disallowance" of that item.

*Decree affirmed.*