ATHANS SPILIOS & another, executors, *vs.* ZOI PAPPS & another.

Suffolk. June 25, 1935. — September 13, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Probate Court*, Appeal, Accounts, Costs, Parties. *Guardian*, Ad litem. *Executor and Administrator*, Duty of fidelity, Accounts, Distribution, Compensation. *Interest.*

A guardian *ad litem* appointed by a lower court, whose appeal from a decree of that court had been dismissed for want of prosecution, was not party to the appeal of others and had no standing before this court unless again appointed guardian by it.

If one of two executors makes an unfair personal profit at the expense of the estate, the amount of that profit should be charged in the executors' account against him but not against the other executor, who had not participated in the fraud.

Interest should be charged against an executor from the time when he ought to have distributed the estate.

A probate court properly could allow nominal compensation only to an inactive executor; and could deny compensation to an unfaithful executor who had involved the estate in expensive litigation, though he had performed some valuable services for it.

After litigation involving the acts of one of two executors of a will, the Probate Court under G. L. (Ter. Ed.) c. 215, § 45, in passing upon their account and without a separate proceeding or service on them personally, could order that executor alone to pay counsel fees and expenses to the adverse parties.

PETITION, filed in the Probate Court for the county of Suffolk on March 16, 1931, for the allowance of the first account of the petitioners.

From decrees entered by *Poland,* J., following the decision reported in 288 Mass. 23, the petitioners appealed.

The case was submitted on briefs.

*S. D. Elmore & T. E. Shasta,* for the petitioners.

*M. Witte & H. J. Booras,* for the respondents.

LUMMUS, J. These are appeals from further decrees of the Probate Court relative to the settlement of the accounts of the executors of the will of John C. Papps, entered after our decision in *Spilios* v. *Papps,* 288 Mass. 23. The appellants devote much of their brief to what is really a reargument of matters determined by our earlier opinion. It is unnecessary to discuss those matters again. *Pingree* v. *Coffin,* 12 Gray, 288, 324. We proceed to the new questions.

Our earlier decision assumed, as did all the parties, that Zoi Papps, the widow of John C. Papps, and Constantine Pappaneophytos of Athens, Greece, his father, were entitled to share the estate equally under the will, except for two legacies of $1,000 each which have been paid. After our earlier decision, a guardian *ad litem* was appointed by the Probate Court to represent persons unborn or unascertained who might be interested. He contended that Zoi Papps and Constantine Pappaneophytos are only life tenants, that the entire estate is held in a trust continuing beyond their lives, and that certain other persons are or will be the remaindermen. The Probate Court decided against this contention, and allowed an account based on the theory that the two persons named are the only ones interested. An appeal by the guardian *ad litem* was dismissed for want of prosecution. He addresses an argument to us, but it cannot be considered. He is not a party to the present appeals, and has not been appointed guardian *ad litem* in this court. The executors are not concerned with the question, and take no position with respect to it. A guardian *ad litem* appointed to represent the minor son of the testator, who was not mentioned in the will, made no such contention.

The Probate Court charged Athans Spilios, one of the executors, with $4,097.50 as required by our earlier decision. It rightly charged him interest on that amount from December 17, 1930, when he received it. It corrected the

amounts charged to the two distributees for distributions made to them.  It rightly charged against Constantine Pappaneophytos only what Athans Spilios paid him in cash for the notes which had been received from the ostensible purchaser of the stock and had been distributed to Constantine Pappaneophytos as part of his share, and not the face value of the notes.  The real purchaser paid cash, and the cash should have been distributed without deduction or discount.  The transaction is explained in our earlier opinion.  But the co-executor Gabriel was innocent in this matter, and the difference between the face value of the notes and the discounted price which Athans Spilios paid for them, amounting to $843.75, should be charged against Athans Spilios alone.  This will increase the balance charged against Athans Spilios alone, and reduce the balance charged against both executors in Schedule C of the account. It will make some difference also in the interest items.

The Probate Court found that as early as eighteen months after their appointment, or on June 10, 1931, the executors ought to have distributed the estate.  It charged them with interest from that time.  This was proper.  *Gallagher* v. *Phinney*, 284 Mass. 255, 258.  *O'Shea* v. *Barry*, 252 Mass. 510, 511.

Gabriel was allowed $100 for his services as executor. It is found that "he did nothing except to sign papers which he understood only dimly, if at all."  There was no error in not awarding him more.  Spilios was awarded nothing for services.  It is conceded that he performed valuable services for the estate, particularly in effecting a sale of the stock.  But his wrongful conduct in making a secret profit in that sale, and his contest of liability which resulted in long and expensive litigation, led the Probate Court to deny him compensation.  We cannot say that this was wrong.  *Brackett* v. *Fuller*, 279 Mass. 62, 71, 72. *Gallagher* v. *Phinney*, 284 Mass. 255, 258.

Under the authority of G. L. (Ter. Ed.) c. 215, § 45, the Probate Court ordered the accountant Athans Spilios to pay to counsel for the respondent Zoi Papps costs and expenses of $1,150, and to counsel for the respondent Con-

stantine Pappaneophytos costs and expenses of $350. This was within the discretion of the court, which we see no reason to revise. *Old Colony Trust Co.* v. *Third Universalist Society of Cambridge,* 285 Mass. 146, 150, 151. *Roulston* v. *Roulston,* 285 Mass. 489, 491. One of the executors was a "party" within the meaning of the statute, although no liability for costs and expenses was imposed on the other executor.

The division of accountability between the executors, permitted by our earlier opinion, and the award of costs and expenses against one only of the executors, did not require service on the executors in their individual capacities, nor a separate suit. The plea to the jurisdiction was properly overruled. As modified by this opinion the decrees are affirmed.

*Ordered accordingly.*