Fred H. Merrill, conservator, *vs.* John Everett.

Norfolk.    December 5, 1935. — January 29, 1936.

Present: Rugg, C.J., Crosby, Pierce, Donahue, & Qua, JJ.

*Probate Court,* Appeal, Report of material facts, Accounts.

An appellant from a decree of a judge of probate cannot dictate what material facts shall be reported by the judge.

In a probate account disbursements may be lumped in one item to a reasonable extent.

Petition, filed in the Probate Court for the county of Norfolk on February 21, 1935.

The case was heard by *McCoole*, J. The respondent appealed from a decree entered by his order.

*J. Everett, pro se.*

No argument nor brief for the petitioner.

RUGG, C.J. This is an appeal from a decree of a probate court allowing the supplemental first and final account of the conservator of the respondent. The account as presented by the petitioner was allowed except that, in place of the item charging $1,000 for services of the conservator, $700 was allowed. This necessitated a change in the total of schedule B and a change in schedule C.

The respondent requested a finding of material facts, (1) specifying the amount of personal property according to inventory and (2) enumerating seven items in schedule B or "a list of real estate taxes paid as assessed 1932 and 1933." Material facts were reported by the trial judge as follows: "Mr. Everett is the owner of various parcels of real estate located in various towns throughout the county, most of which was badly in need of repair. In some instances real estate taxes had not been paid for two or three years. Some of the property was not covered by insurance. I find that the conservator ordered many repairs and paid off taxes and insurance. I find that he gave a great deal of his personal efforts and time in this work. I allowed item number 4 of schedule B of the account because said Everett's physical condition, brought about by a shock, warranted the employment of a housekeeper and the allowance to Mrs. Everett as shown by item 6 of said schedule B. I disallowed item 14 of said schedule B and allowed the conservator $700 for his services instead of $1,000."

In this there was no error. The aggrieved party has no right to dictate the nature or extent of the material facts to be reported by the trial judge. While the topics to be covered by such report may be embodied in suggestions or requests, they are addressed to sound judicial discretion and noncompliance with them cannot be made the foundation of review. The trial judge knows the facts material to his decision and it is his duty to state those alone. *Plumer v. Houghton & Dutton Co.* 277 Mass. 209, 214, 215. As there

pointed out, other means are provided if examination of the merits of the findings is desired.

The details of payments for taxes, supplies for repairing and labor on property were not given in the account as filed but were grouped under items giving the gross amounts. It is not essential to the legality of a probate account as filed that the minute disbursements be set out at length. G. L. (Ter. Ed.) c. 206, § 2. There may be reasonable condensation in such an account as filed rather than an encumbrance of the records of the court with a mass of minor specifications. If the respondent had desired greater particularity of statement by the accountant, reasonable preliminary steps to that end might have been taken. In any event, on demand by the respondent, every detail must have been proved by the accountant at the hearing. The trial judge must have found that the aggregate of payments as stated in the several items in the account, so far as contested by the respondent, had been made by the accountant; otherwise the account could not have been allowed. *Murray* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 15, 20. The respondent could not require the judge to embody in his findings details gleaned from the evidence or books of account of the accountant. In these circumstances there was no error in the decree.

*Decree affirmed.*