ALBERT A. GLEASON, trustee, *vs.* ADDISON T. HASTINGS &
others.

GERTRUDE L. POND & another *vs.* ALBERT A. GLEASON,
trustee.

Norfolk.    April 4, 1938. — May 25, 1938.

Present: RUGG, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Probate Court,* Auditor, Appeal, Dismissal without prejudice.    *Trust,*
Trustee's accounts.

A decree of a probate court on an account was necessarily affirmed on
appeal where the record included a statement by the judge that by
agreement of counsel he had considered both a report of an auditor
whose findings were not to be final and a transcript of evidence heard
by the auditor, and the report of the auditor was in the record but
the transcript of the evidence before him was not.

A petition that a trustee be required to file a final account properly was
dismissed without prejudice as prematurely brought where it ap-
peared that there were pending appeals from decrees allowing pre-
vious accounts.

PETITIONS, relating to accounts of the surviving trustee
under the will of Deming J. Hastings, late of Medway.

The hearings in the Probate Court were before *McCoole, J.*

*W. J. Naphen,* for Gertrude A. Hastings, executrix.

*A. Moskow,* (*J. I. Moskow* with him,) for Addison T.
Hastings and another.

*A. B. Carey,* for Fidelity and Deposit Company of
Maryland.

*J. J. Higgins,* for Albert A. Gleason, trustee.

COX, J.    The first case is here on appeals by beneficiaries
under the will of Deming J. Hastings from decrees of the
Probate Court allowing the fourth to the fourteenth accounts
of Albert A. Gleason, trustee under said will; and appeals
by Gleason as said trustee, hereinafter referred to as the
trustee, and by the Fidelity & Deposit Company of Mary-
land from the decrees allowing his twelfth, thirteenth and
fourteenth accounts, by the terms of which decrees the

trustee was surcharged with certain sums. The second case is here on an appeal by certain beneficiaries under said will from a decree of the Probate Court, dismissing without prejudice their petition that the trustee be ordered to file a substitute fifteenth and final account.

The several accounts of the trustee from the first to the twelfth inclusive had been allowed previously, the twelfth on February 18, 1931, but on October 4, 1933, by decree of the Probate Court, the fourth to twelfth accounts were reopened and referred to an auditor. After a hearing the probate judge allowed all of the accounts on February 16, 1937, surcharging the trustee on the twelfth, thirteenth and fourteenth. The beneficiaries thereupon filed a request for a report of material facts, which was waived after a motion had been allowed that the auditor's report "be attached to the finding of facts or that the auditor's report be made a part of the record." On October 25, 1937, the probate judge made a "Voluntary Report of Material Facts," see *Romanausky* v. *Skutulas*, 258 Mass. 190, 192, which is as follows: "This matter came before me on motions filed by the trustee and by the surety on his bond to amend the decrees of this court entered on the trustee's fourth to fourteenth accounts inclusive, dated February 16, 1937, by adding thereto after the recital 'after a hearing thereon,' the words 'and after consideration of the evidence before the auditor, and the auditor's report, and no other evidence.' On June 19, 1936, all counsel appeared before me for a hearing on an auditor's report covering a contest on the above referred to accounts. All counsel, at that time, agreed that I should consider the auditor's report and a transcript of the testimony heard by the auditor. The transcript was handed to me at that time. No commissioner or stenographer was appointed by this court to take the testimony before the auditor. I considered both the report and the transcript, and entered my decrees on the accounts on February 16, 1937. No other evidence was offered or considered by me. A question was raised concerning my authority to entertain these motions at this time, because of the pending appeals. I denied both

motions as a matter of discretion. This voluntary report of facts is to be considered as a part of the records on the pending appeals from the allowance of the trustee's fourth to fourteenth accounts." The record contains the auditor's report but no transcript of the evidence.

An auditor's report in a probate proceeding ordinarily is no part of the record on appeal unless his findings of fact are final. *Gallagher* v. *Phinney*, 284 Mass. 255. *Untersee* v. *Untersee*, 299 Mass. 417, 420. But in this case it may be assumed that the report is a part of the record by reason of the allowance of the motion of the beneficiaries, assented to by the trustee, that the auditor's report "be attached to the finding of facts or that the auditor's report be made a part of the record." See *McMillan* v. *Gloucester*, 244 Mass. 150; *Gallagher* v. *Phinney*, 284 Mass. 255. The "Voluntary Report of Material Facts" by the probate judge makes it clear that he heard the case upon the auditor's report and the transcript of testimony that was heard by the auditor, and also that no other evidence was offered or considered by him. The matter of the allowance of the accounts was within the jurisdiction of the Probate Court sitting in probate. *Buttrick* v. *Snow*, 277 Mass. 401, 404. *Gallagher* v. *Phinney*, 284 Mass. 255, 257.

The only way in which this court can be put in the position of the probate judge and enabled to review his conclusions as to findings of fact is to have all the evidence embodied properly in the report. *Romanausky* v. *Skutulas*, 258 Mass. 190, 194. *Goshein* v. *Chavenson*, 261 Mass. 403, 404. *Abeloff* v. *Peacard*, 272 Mass. 56, 59. *Yoffa* v. *National Shawmut Bank of Boston*, 288 Mass. 422, 426. *Moulton* v. *Thompson*, 291 Mass. 308. Where, as in this case, it appears that the judge had before him evidence which is not reported, and there is no report by the judge of the material facts, the only question open on the appeal is the power of the Probate Court to make the decrees upon any evidence which might have been presented at the hearing on the accounts. *Goss* v. *Donnell*, 263 Mass. 521, 523, and cases cited. *Gallagher* v. *Phinney*, 284 Mass. 255, 258. *Moulton* v. *Thompson*, 291 Mass. 308. There is nothing in the

decrees allowing the accounts that was beyond the power of the judge upon evidence which might have been presented at the hearing. The result is that the decrees allowing the several accounts cannot be disturbed.

There remains for consideration the appeal in the second case. On March 14, 1932, a final decree after rescript (see *Gleason* v. *Hastings*, 278 Mass. 409) was entered in the Probate Court, which required that the trust estate be converted into cash and the proceeds distributed as therein provided. At that time the first to twelfth accounts of the trustee had been allowed; the thirteenth was filed on May 22, 1931, and had not been allowed. The fourteenth account, which was for the period between June 1, 1930, and May 31, 1931, was filed on April 11, 1932, and subsequently to the decree after rescript. The fourth to twelfth accounts were reopened upon the petition of beneficiaries, by decree dated October 4, 1933, and from decrees reallowing these accounts and allowing the thirteenth and fourteenth accounts of the trustee the petitioners in the second case appealed on March 5, 1937. While those appeals were pending, the trustee filed a fifteenth account on July 13, 1937, which does not appear to have been acted upon. This account shows balances of principal and income not distributed and credits for substantial losses. On July 20, 1937, two of the beneficiaries filed the petition to require the trustee to file a substituted fifteenth and final account "showing what became of . . . [certain] mortgages [described in the petition] or the proceeds received from the sale of said mortgages, or any mortgages on which he [the trustee] claims a loss." A decree of September 3, 1937, recites that this "petition was prematurely brought and is therefore dismissed without prejudice."

When this petition was filed, appeals were pending from decrees allowing the several accounts of the trustee from the fourth to the fourteenth inclusive.

"After an appeal has been claimed and filed in the registry of probate, all proceedings in pursuance of the act appealed from shall, except as otherwise expressly provided, be stayed until the determination thereof by the supreme

judicial court . . . ." G. L. (Ter. Ed.) c. 215, § 22. Such an appeal suspends the operation of the decree until the appeal is decided. *Moyer* v. *Bray,* 227 Mass. 303, 306, and cases cited. "The time of suspension must be a time of inaction, as well with reference to things not yet undertaken as those partially performed. No other interpretation would give due effect to the suspension or be consistent with the due and orderly administration of the law." *Tyndale* v. *Stanwood,* 186 Mass. 59, 64. See *Tyndale* v. *Stanwood,* 190 Mass. 513. So long as the accounts of the trustee had not been passed upon finally, there could be no final distribution of the trust estate. *Green* v. *Gaskill,* 175 Mass. 265, 269. *Daly* v. *Crawford,* 279 Mass. 262, 267. And the trustee could not be required to file a final account until his prior accounts had been determined. See *Rothwell* v. *Rothwell,* 283 Mass. 563, 571. We think this is not a case where the Probate Court was required to continue the petition until the appeals from the decrees allowing the accounts had been determined, see *Stone* v. *Duffy,* 219 Mass. 178, 182; *Moyer* v. *Bray,* 227 Mass. 303, 306, and that it was within the discretion of the probate judge to dismiss the petition without prejudice. *Tyndale* v. *Stanwood,* 186 Mass. 59. *Green* v. *Gaskill,* 175 Mass. 265, 270. *Rothwell* v. *Rothwell,* 283 Mass. 563, 571. There is nothing to show that this discretion was not exercised properly.

*Decrees allowing trustee's accounts affirmed.*
*Decree dismissing petition affirmed.*