RAY M. WILEY, guardian, *vs.* GEORGE HAROLD FULLER.

Hampden. September 18, 1941. — January 26, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Guardian*, Of minor, Compensation. *Probate Court*, Report of material facts, Appeal, Accounts, Costs, Decree. *Evidence*, Presumptions and burden of proof. *Bias. Judge.*

On an appeal with a report of material facts by a judge of probate under G. L. (Ter. Ed.) c. 215, § 11, and no report of the evidence, the facts stated must be taken as true if not mutually inconsistent nor plainly wrong on the face of the report; and the question before this court is whether the decree was proper on the pleadings and such facts only, without the implication of further findings from the entry of the decree.

On a contest of his account, a guardian has the burden of proving that payments from the ward's funds in his hands were proper.

On facts found by a judge of probate, a guardian of a minor had not sustained the burden of showing that a payment for an overcoat for his ward was proper as being for his "comfortable and suitable maintenance and support," or that payments for medical services rendered the ward before the guardianship began were proper as in satisfaction of a just debt due from the ward; and there was no error in disallowing such payments.

A determination by a judge of probate of what is just and reasonable compensation for a fiduciary's services is open to review by this court.

No error appeared in a disallowance by a judge of probate of all compensation for services of a guardian of a minor without custody where the estate was small, a substantial portion of the guardian's expenditures from the estate was disallowed, and he performed little, if any, valuable service and caused the ward difficulty and expense in the settlement of his account.

An award of "damages" to a ward against his guardian in a decree entered after a contest of the guardian's account on facts found was justifiable as an award of costs and expenses under G. L. (Ter. Ed.) c. 215, § 45; and the amount thereof, though seemingly large in view of the small size of the estate and other circumstances, could not be said to have shown an improper exercise of the discretion of the judge of probate.

Questions as to the admissibility of evidence are not open on appeal from a decree of a judge of probate with a report of material facts but no report of evidence.

Bias or prejudice of a judge of probate toward a guardian in a hearing on his accounts was not shown by his including, in a report of material facts on appeal from a decree on the account, findings as to certain conduct on the guardian's part toward his ward which the guardian contended was immaterial to the case.

PETITION for the allowance of an account, filed in the Probate Court for the county of Hampden on July 15, 1940.

The case was heard by *Denison,* J.

*M. L. Davis,* for the petitioner, submitted a brief.

No argument nor brief for the respondent.

FIELD, C.J. The guardian (without custody) of George Harold Fuller, a minor, who has now become of age, presented to the Probate Court a first and final account for the period beginning July 15, 1938, and ending July 10, 1940, in which he charged himself with $213.13 and asked to be allowed for ten items of payments and charges aggregating $213.13, leaving no balance on hand. A decree was entered disallowing six of the items of payments and charges and $10 included in another item, amounting in the aggregate to $155, and leaving a balance on hand of $155, amending the account accordingly, and allowing it as a first account. The decree also provided that "it further appearing that the former ward has necessarily expended certain sums in connection with this accounting and owes his attorney for services; it is further decreed that the accountant pay to said distributee the sum of $134.10, as damages." From this decree the accountant appealed. No evidence is

reported. At the request of the accountant, however, the judge made a report of the material facts found by him. See G. L. (Ter. Ed.) c. 215, § 11. It does not appear that any attempt was made to secure any change in these findings of fact or any further findings of fact. Seè *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214–215; *Merrill* v. *Everett*, 293 Mass. 327, 328; *Tracy* v. *Bishop*, 298 Mass. 182, 185.

Procedure on this appeal in a probate proceeding follows that in equity so far as applicable and practicable. G. L. (Ter. Ed.) c. 215, § 9. *Ensign* v. *Faxon*, 229 Mass. 231. *Gallagher* v. *Phinney*, 284 Mass. 255, 257. The material facts found by the judge must be deemed to be all the facts upon which he acted in entering the decree and leave no room for further findings to be implied from the decree. *Sullivan* v. *Quinlivan*, 308 Mass. 339, 341, and cases cited. *Sidlow* v. *Gosselin*, ante, 395, 397. In the absence, as here, of any report of the evidence, the material facts reported must be taken as true unless "they appear on the face of the report to be mutually inconsistent or plainly wrong or incompatible with the pleadings or other documents set forth in the record." *Plumer* v. *Houghton & Duttòn Co.* 277 Mass. 209, 215. *Macomber* v. *King*, 288 Mass. 381, 383. *Atwood* v. *Atwood*, 297 Mass. 229, 231–232. The "findings of fact thus made are in the nature of documents to be interpreted." *Jones* v. *Clark*, 272 Mass. 146, 149. The question for decision is whether, solely on the findings reported by the judge, considered as above stated, the decree was rightly entered. *Nelson* v. *Wentworth*, 243 Mass. 377, 378. *Melville Shoe Corp.* v. *Kozminsky*, 268 Mass. 172, 174. *Sullivan* v. *Quinlivan*, 308 Mass. 339, 341.

1. Disallowance of items of payments and charges other than compensation for services. — The burden of establishing the correctness of the account in respect to these items by affirmative evidence rested on the accountant. *Wood* v. *Farwell*, 195 Mass. 559, 560. *Gallagher* v. *Phinney*, 284 Mass. 255, 258. *Merrill* v. *Everett*, 293 Mass. 327, 329.

On the facts stated in the report this burden was not sustained as to any of these items — aggregating $145 in

amount. This is clearly true of the items disallowed aggregating $5 in amount, with respect to which it was found only that these items "were insufficiently supported." Another item disallowed was "Wearing apparel — W. E. Atkinson 25.00." The findings with respect to this item are these: "Wiley had a second-hand overcoat in his office of uncertain ownership. At the time in question the ward had three overcoats. Wiley forced the office overcoat upon the ward and charged him twenty-five dollars for it." An inference cannot rightly be drawn from these findings alone that the amount charged for the overcoat was a proper charge against the estate of the ward for his "comfortable and suitable maintenance and support" as being for his benefit or advantage. G. L. (Ter. Ed.) c. 201, § 38; c. 205, § 1 (6) Second. *Dolbeare* v. *Bowser*, 254 Mass. 57, 61.

Two items disallowed were cash for "Medical Services rendered by Dr. James J. Grace," one for $75 and one for $40. The specific findings as to these items are: "Fuller had visited one Dr. Grace and had been under treatment by the physician for several months before Wiley became guardian of the estate. Dr. Grace never asked for payment from Wiley, nor sent him a bill, but Wiley without investigation of treatments and with no particulars, sent Dr. Grace cash by messenger on one occasion and called the doctor to Wiley's office and gave him cash on the other. . . . Wiley instructed Dr. Grace to make his bill larger." A guardian is required to "pay all just debts which are due from his ward out of the personal property, if sufficient, and, if not, out of the real property, upon obtaining a license for the sale thereof." G. L. (Ter. Ed.) c. 201, § 37. See, as to a creditor recovering on the bond of a guardian for failure to pay such a debt, *Long* v. *Copeland*, 182 Mass. 332, and cases cited. It is apparent from the record that the personal property of the ward in the hands of the guardian was sufficient for the payment of the amounts paid. The facts found, however, fall short of showing that there was a just debt of the ward to the physician. The facts found show merely that the ward, before the accountant became guardian, "had visited" the physician and "had

been under treatment" by him "for several months." Doubtless in some circumstances medical services furnished to a minor upon his own credit may be a necessary, the furnishing of which to him implies an obligation on his part to pay therefor what such services are reasonably worth — that is a just debt of the minor. *Hoyt* v. *Casey*, 114 Mass. 397. *Trainer* v. *Trumbull*, 141 Mass. 527. *L. P. Hollander Co.* v. *Porter*, 267 Mass. 378. *Luster* v. *Luster*, 299 Mass. 480, 484. Compare G. L. (Ter. Ed.) c. 106, § 4. No such circumstances appear. The facts reported do not show that the medical services were actually required by the minor or that they were furnished upon his credit. Nor do the facts show what, if anything, these services were reasonably worth.

2. Disallowance of compensation for services of the guardian. — With respect to an item in the account of $13.13 for "Guardian's fee and disbursements," allowed in the sum of $3.13, the report of material facts states that this item "included actual disbursements of three dollars and thirteen cents and ten dollars for services." The guardian was entitled to "such compensation for services as the court may allow." G. L. (Ter. Ed.) c. 206, § 16. But the court in making such an allowance can allow properly only such compensation as is "just and reasonable," and the determination of the Probate Court as to what is "just and reasonable" is subject to review by this court on appeal in accordance with the ordinary principles applicable to review on appeals from the Probate Court. *King* v. *Grace*, 293 Mass. 244, 250–251. It may be, however, that a guardian is not entitled to any compensation. *Brackett* v. *Fuller*, 279 Mass. 62, 71–73. *Gallagher* v. *Phinney*, 284 Mass. 255, 258. On the facts reported the Probate Court was not in error in refusing to allow any compensation for the services of the guardian. Obviously the accountant performed little, if any, valuable service as guardian. He was appointed guardian on July 15, 1938, and the ward became of age on April 18, 1940. The guardian, as appears from the record, had no duties to perform with respect to the custody of his ward, but had duties merely with respect to the care

and management of his estate. G. L. (Ter. Ed.) c. 201, §§ 4, 5. The estate of the ward was a legacy of $213.13 which, according to the report of material facts, the guardian "did not deposit nor 'Keep in a wooden box in a cabinet in my [his] office'" (*sic*). In the account filed by the guardian he showed expenditures — including $10 for his compensation — of the entire estate. At a hearing on this account the guardian failed to establish that items of expenditures from the estate of the ward aggregating $145 were proper. Apart from paying legal expenses of the guardianship proceeding, aggregating $58.13, the guardian expended no part of the estate for the benefit or advantage of the ward. And even in expending such aggregate sum of $145 from the estate of the ward, so far as appears, the guardian made no effort to determine whether such expenditures would be for the benefit or advantage of the ward. The guardian's acts with respect to these expenditures were disadvantageous to the ward. And the guardian failed even to render an account as guardian until ordered to do so by the Probate Court upon petition of the ward after he became of age, and upon the account so filed there were hearings on three days — such proceedings involving expense for the ward — with the result that these expenditures were disallowed. We cannot say that the value of any service of the guardian in holding the estate of the ward was not at least offset by the difficulty and expense caused to the ward by the guardian by litigation with respect to an accounting therefor. No error appears in the refusal of the court to allow any compensation to the guardian for his services. See *Gallagher* v. *Phinney*, 284 Mass. 255, 258; *Spilios* v. *Papps*, 292 Mass. 145, 147.

3. Damages — costs and expenses. — The amount awarded to the former ward, against the guardian, nominally as "damages," was $134.10. This, however, is not a proceeding for breach of the guardian's bond for failing to render an account in which "damages" can be recovered. See *Chase* v. *Faulkner*, 307 Mass. 404, 405–406. But by G. L. (Ter. Ed.) c. 215, § 45, in contested cases before a Probate Court "costs and expenses in the discretion of

the court may be awarded to either party, to be paid by the other." This statute is applicable to a contested account. *Untersee* v. *Untersee*, 299 Mass. 417, 423–425. We interpret the decree appealed from as awarding such "costs and expenses" though they are described as "damages," and we deal with this aspect of the decree in accordance with its true nature. *Moskow* v. *Murphy*, *ante*, 249, 251.

The items allowed as "damages" are in their nature such as could be awarded as "costs and expenses." *Conley* v. *Fenelon*, 266 Mass. 340, 344. *Boynton* v. *Tarbell*, 272 Mass. 142, 144–145. See St. 1931, c. 120, § 1. The aggregate amount awarded, particularly the amount included therein "for hearings in the court on three days, at thirty-five dollars a day, one hundred and five dollars," apparently for counsel fees, seems large. It is difficult to see why three days were required for hearings on this account if the hearings were properly conducted. The findings, however, do not import that the hearings lasted three full days. Moreover, while there is no fixed schedule of amounts to be allowed for such counsel fees, the "general rule is that the compensation paid to public officers for services of a similar character constitutes the standard, subject to such variations in a particular case as may be determined in the exercise of wise discretion having regard to all pertinent factors." The "full amount charged by counsel to his client is not necessarily to be allowed." *Boynton* v. *Tarbell*, 272 Mass. 142, 145. See also *Frost* v. *Belmont*, 6 Allen, 152, 165. While this general rule was stated with respect to an award out of the fund, the authority to make such award against a party is conferred by the same statute (G. L. [Ter. Ed.] c. 215, § 45) and is of the same general nature. Tested by this standard the per diem allowance, especially if the hearings occupied only parts of three days, seems large in the light of the pertinent factors of the amount in controversy and the simple issues involved. The per diem allowance is larger, for example, than the amount ordinarily allowed to masters and auditors. See Rule 86 of the Superior Court (1932). However, we cannot quite say that the discretion of the judge was improperly exercised. Of

course we are not indicating what the standard of damages would be in a proceeding to enforce an obligation of a bond of a fiduciary where counsel fees in prior proceedings may be found to be damages caused by negligence or maladministration.     See *Chase* v. *Faulkner*, 307 Mass. 404, 405–406.

4. Evidence — bias. — The report contains the following recitals: "After his account was filed, Wiley offered to pay one hundred dollars for the ward's benefit if the instant account were not brought up for hearing in this court. Date for hearing on his account being set, Wiley made complaint to the Springfield police that his former ward should be examined for reasons which Wiley stated to the head of the Detective Bureau, Capt. Gallagher. Fuller was taken to the station by the police, kept over night examined in the morning and immediately released by Capt. Gallagher when Wiley disclosed that he was in dispute with Fuller over this probate accounting."

The accountant contends that this "evidence" was improperly admitted. But the recitals are of facts found and not of "evidence." And no question of admissibility of evidence is open in the absence of a report of the evidence. One purpose of a report of evidence is to preserve the rights of the parties with respect to the admission or exclusion of evidence to which exceptions were saved. G. L. (Ter. Ed.) c. 215, § 12; c. 214, §§ 24, 25. The accountant contends also that the facts recited as above set forth are immaterial. We need not consider to what extent, if at all, these facts are material, since, even if they are disregarded, the other facts reported are sufficient, as already stated, to support the decree. Nor does the inclusion in the report of these facts show such bias or prejudice on the part of the judge against the accountant that he could not hear and decide the issues fairly and impartially. See *King* v. *Grace*, 293 Mass. 244, 247. Finally, there is no necessary inconsistency in the statements in the report of material facts, but, even if certain statements therein, relating to medical services — to which the accountant refers — are to some extent inconsistent, they do not affect the ultimate conclusion, however

these statements, read together, are interpreted.   And they do not show bias or prejudice on the part of the judge.

*Decree affirmed.*